UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MADISON HOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 3678 |
| | ) | |
| CHICAGO POLICE COMMANDER JON | ) | Judge Marvin Aspen |
| BURGE, DET. ROBERT DWYER, DET. JAMES | ) | |
| LOTITO, DET. VIRGIL MIKUS, DET. DANIEL | ) | Magistrate Brown |
| McWEENEY, DET. JOHN PALADINO, | ) | |
| SGT. PATRICK GARRITY and THE CITY | ) | |
| OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF MOTION**

To:   See Attached Service List

PLEASE TAKE NOTICE that on September 4, 2003, at 10:30 a.m., or as soon thereafter as this Motion may be heard, I shall appear before the Honorable Judge Aspen, or any judge sitting in his stead in the Courtroom usually occupied by him in Room 2568 in the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, 60604, and shall then and there present Defendant, The City of Chicago's Motion to Structure Discovery, a copy of which is attached hereto and herewith served upon you.

Steven M. Puiszis

HINSHAW & CULBERTSON
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

5648129v1 830061

## CERTIFICATE OF SERVICE

Diane Barnes, a non-attorney, being first duly sworn on oath deposes and states that she served the foregoing Notice to all counsel of record by mailing same from the U.S. Mail located at 222 North LaSalle Street, Chicago, Illinois on August 27, 2003.

*Diane Barnes*

SUBSCRIBED AND SWORN TO
before me this 27th day of
August, 2003.

*Notary Public*

OFFICIAL SEAL
MARY O VELAZQUEZ
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 09/05/06

5648129v1 830061

## SERVICE LIST

Jon Loevy
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900
FAX: (312) 243-5902
**(Attorney for Plaintiff)**

Andrea D. Lyon
Associate Professor
The Center for Justice in Capital Cases
 of the DePaul College of Law
25 East Jackson Boulevard
Chicago, Illinois 60604
(312) 362-8402
FAX: (312) 362-5421
**(Attorney for Plaintiff)**

James G. Sotos
Michael W. Condon
Hervas, Sotos, Condon & Bersani, P.C.
333 Pierce Road
Suite #195
Itasca, Illinois 60143-3156
(630)773-4774
FAX: (630)773-4851
**(Attorney for individual defendants)**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MADISON HOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 3678 |
| | ) | |
| CHICAGO POLICE COMMANDER JON | ) | Judge Marvin Aspen |
| BURGE, DET. ROBERT DWYER, DET. JAMES | ) | |
| LOTITO, DET. VIRGIL MIKUS, DET. DANIEL | ) | Magistrate Brown |
| McWEENEY, DET. JOHN PALADINO, | ) | |
| SGT. PATRICK GARRITY and THE CITY | ) | |
| OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED SEP 0 5 2003

**DEFENDANT CITY OF CHICAGO'S MOTION TO STRUCTURE DISCOVERY**

Defendant, CITY OF CHICAGO, by its attorneys, Steven M. Puiszis, John P. Goggin and Robert T. Shannon of the law firm of HINSHAW & CULBERTSON, respectfully moves this Court pursuant to Fed. R. Civ. P. 26(d) to stay *Monell* policy discovery until discovery on the claims against the defendant officers is complete and in support thereof, states:

### I. INTRODUCTION

Plaintiff has sued the City and seven of its former or current police officers claiming he was wrongfully convicted of murder. Plaintiff has filed a twelve-count complaint which is attached as Exhibit A. Counts I through IV are brought under 42 U.S.C. §1983. Counts V through XII are state-law claims brought under various liability theories. As it pertains to this motion, plaintiff claims that when the individual defendant officers committed the acts in question, they were allegedly acting in the course and scope of their employment. Indeed, in Count XI, plaintiff brings an action under a theory of *respondeat superior* liability and in Count XII, he has pled an indemnification action against the City for the alleged acts of its officers.

While plaintiff has not brought a separate *Monell* action against the City of Chicago, he does claim that the defendant officers acted "pursuant to a policy and practice of the Chicago Police Department" (Ex. A, Count I, ¶38; Count II, ¶44; Count III, 52; Count IV, ¶65). Thus, it appears as if plaintiff is attempting to bring a *Monell* action against the City.

The Supreme Court has advocated limiting discovery as an appropriate means of controlling the significant and often unnecessary costs involved in litigating claims of municipal liability. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167 (1993). The Seventh Circuit has also held that staying discovery on policy claims serves the interests of convenience, economy and justice. *Treece v. Hochstetler*, 213 F.3d 360, 365 (7th Cir. 2000). For the reasons set forth below, the City respectfully requests that discovery on plaintiff's §1983 policy claims be stayed until completion of discovery of the underlying state and federal claims brought against the individual defendants.

## II. STATEMENT OF THE CASE

Plaintiff has pled a medley of claims against the City of Chicago and seven of its current and former police officers. Those claims focus on six acts of alleged police misconduct by the individual defendants. Plaintiff claims that several of the defendants used excessive force in an attempt to coerce a confession from him (Ex. A, ¶¶17, 36). That is the focus of his claim Counts I, II, VII and IX. Plaintiff's conspiracy and due process claims in Counts III, IV and V set forth the five other acts of alleged misconduct. In those counts, plaintiff alleges that various defendants: created a false confession, which plaintiff claims he never made and then concealed the fact he never confessed (Ex. A, ¶¶19, 48, 59); falsely reported that plaintiff failed a polygraph examination and then concealed the fact he had not failed the polygraph (Ex. A, ¶¶28, 59); assisted in tainting the testimony of witnesses against plaintiff by improperly pressuring one witness to identify plaintiff in a lineup and by providing assistance on a pending criminal charge

to another which was then concealed (Ex. A, ¶¶26, 27, 48, 59); by planting a gas can at the scene of the fire they removed from the Evidence and Recovered Property Section (ERPS) of the Chicago Police Department after it had been inventoried in an unrelated arson (Ex. A, ¶¶23, 48, 59); and that they withheld an exculpatory fingerprint report relating to the gasoline can (Ex. A, ¶25, 48, 59). Plaintiff claims that as a result of this alleged misconduct, he was denied his right to a fair trial and was wrongfully convicted.

### III. ARGUMENT

#### A. DISCOVERY ON THE POLICY CLAIMS SHOULD BE STAYED PENDING COMPLETION OF DISCOVERY ON THE UNDERLYING CLAIMS AGAINST THE CITY

Rule 26(d) of the Federal Rules of Civil Procedure provides that a court, "for the convenience of parties and witnesses and in the interests of justice," may control the sequence and timing of discovery. The City submits that in light of the requisite order of proof for claims under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), the City's statutory and contractual obligations to indemnify its employees under §10/9-102 of the Local Governmental Tort Immunity Act (745 ILCS 10/9-102); and the inescapable fact that compensatory damages can only be collected once, that staying discovery on the §1983 *Monell* claims against the City in this case will serve the purposes of Rule 26(d), just as various judges in the Northern District of Illinois have found when they have addressed this issue through either a motion to structure discovery, a motion to stay *Monell* discovery or through a motion to bifurcate. See, e.g., *Lopez v. City of Chicago*, No. 01 C1823, 2002 WL 335346 (N.D. Ill., March 1, 2002); *Medina v. City of Chicago*, 100 F. Supp.2d 893, 898 (N.D. Ill. 2000); *Harding v. City of Chicago*, 01 C 6672 (N.D. Ill., June 8, 2002) (Norgle, J.) (attached as Ex. C); *Brown v. City of Chicago*, 98 C 7949 (N.D. Ill., October 11, 2001) (Bobrick, M.J.) (attached as Ex. D); *Tyson v. City of Chicago*, (N.D. Ill., October 30, 2001) (Norgle, J.) (attached as Ex. E); *Evans v. City of*

*Chicago*, 00 C 7222, 2001 WL 1028401 (N.D. Ill., Sept. 6, 2001); *Jones v. City of Chicago*, No. 98 C 5418 1999 WL 160228 *2-3 (N.D. Ill., Mar. 10, 1999) (collecting cases).

Before plaintiff can hold the City liable under *Monell*, he first must prove that the defendant officers violated his constitutional rights. If plaintiff fails to prove a constitutional violation, there can be no §1983 liability fastened upon the City. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Should the officers be found liable for a constitutional violation, the City is obligated to indemnify them (by virtue of both its contract with the Fraternal Order of Police and 745 ILCS 10/9-102) by paying any judgment for compensatory damages. Finally, if plaintiff is awarded compensatory damages against the defendant officers, he would not be entitled to recover additional compensatory damages even if he prevailed on his policy claim against the City. *Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985). Consequently, the City suggests discovery on plaintiff's *Monell* policy claim be stayed until the discovery is completed on plaintiff's claims against the individual defendants. At that point, court and counsel will be in a better position to assess their respective positions, determine if, in fact, they want to proceed forward with *Monell* discovery or explore settlement and, if *Monell* policy discovery is to proceed, to tailor that discovery to avoid any unnecessary cost and expense.

**B.  BECAUSE PLAINTIFF CANNOT SUCCEED AGAINST CITY ON HIS POLICY CLAIMS UNLESS THE OFFICERS ARE FOUND LIABLE, THERE IS NO REASON NOT TO STRUCTURE DISCOVERY SO THAT THE UNDERLYING CLAIMS ARE EXPLORED FIRST.**

The question of the City's liability turns on whether one or more of the defendant officers committed a constitutional wrong. *Heller*, 475 U.S. at 799; *Jones*, 1999 WL 160228 at *2; *Myatt v. City of Chicago*, 816 F. Supp. 1259, 1264 (N.D. Il. 1992). The order of proof favors deferring inquiry into the policy claims until the issues raised by the claims against the officers are comprehensively explored. It is only logical, therefore, for discovery to be structured so that the

underlying claims against the officers are fully investigated before beginning discovery on the *Monell* claims. Going forward with discovery on the numerous and broad policy claims set forth by plaintiff would place significant burdens on the City without legitimately moving toward a resolution of the only issues which the outcome of this case realistically depend: whether the defendant officers did indeed violate plaintiff's constitutional rights as alleged.

### C. CONDUCTING DISCOVERY ON THE POLICY CLAIMS IS INEFFICIENT BECAUSE IT PROVIDES NO ECONOMIC BENEFITS BUT IMPOSES SIGNIFICANT COSTS.

The decision to structure discovery is validated by weighing the costs imposed upon the parties and the Court during policy discovery against the putative benefit that a *Monell* claim provides. Simply put, there is no quantitative justification for not structuring discovery.

As explained below, going forward with policy discovery in this case will work undue, unnecessary and costly burdens upon the City, plaintiff and this Court. Plaintiff's policy claims appear to implicate not only every aspect of the City's training, supervision and discipline of police officers but also the details of its contractual negotiations with the Fraternal Order of Police. The discovery served upon the City demonstrates that this discovery threatens to unjustifiably subsume the real issues in this case.

The *Monell* claims will yield no additional monetary benefit to plaintiffs. *Spanish Action Committee*, 766 F.2d at 321. If plaintiffs are successful on their claims against the defendant officers, they would likely have no reason to continue to litigate their municipal liability "policy" claims because they could collect no additional compensatory damages from the City. *Id. Cf. Jones*, 1999 WL 160228 at *2. ("by first litigating the claims against the individual officers, the parties may never reach the *Monell* claims. This order of proof thus conserves the resources of both the parties and the court"). Further, the City would be required, pursuant to statute and

-5-

contract, to indemnify the officers by paying any judgment for compensatory damages. See 745 ILCS 10/9-102.

Consequently, Judge Posner's reasoning in *Jones v. City of Chicago*, 856 F.2d 985, 995 (7th Cir. 1988), supports structuring discovery in this case:

> The City of Chicago is liable . . . under section 1983 if a custom or policy of the City was a cause of the plaintiff's injury. The issue has little, probably no, practical significance. No damages were awarded against the City that were not also awarded on a joint and several basis against the individual defendants; and since the City indemnifies its employees for damage awards made against them in respect of the torts they commit in the course of their employment, Jones will collect his judgment in full whether or not the City is held liable.

**D.  FAILURE TO STRUCTURE DISCOVERY WILL CREATE SIGNIFICANT BURDENS FOR AND IMPOSE UNNECESSARY COSTS UPON THE PARTIES AND THE COURT.**

For example, plaintiff has demanded the City produce: 1. Any and all documents relating to the investigation of (an unrelated) arson at 8308 South Paulina, Chicago, Illinois that have occurred on or about December 16, 1986, including, but not limited to, arrest reports, general progress reports, inventory reports, inventory ledgers, photographs, street files, notes and evidence disposal and/or destruction reports. 2. Any and all documents relating to any management study of the handling of evidence at ERPS, or any other investigation into the practices, procedures and/or record keeping at ERPS, including, but not limited to, any initial report or letter, any progress reports, any executive summary, and any final report (including attachments). 3. Any and all documents relating to any change in procedures for the handling and/or storage of evidence, records keeping, security and/or other remedial or corrective action at ERPS effective after January 6, 1997, including, but not limited to, any General Orders, memoranda, warnings or disciplinary actions. 4. Any and all documents relating to an unrelated arson at 8204 South Dobson, Chicago, Illinois, that occurred on or about March 6, 1987, including, but not limited to, arrest reports, general progress reports, inventory reports, inventory

ledgers, witness statements lab tests or reports, polygraph tests, photographs, street files, notes and evidence disposal and/or destruction reports. 5. Any and all documents relating to any allegations of torture or abuse of detainees, arrestees, prisoners or other persons by Chicago Police Officers, including but not limited to, any notes, reports, internal memoranda, Complaints, photographs, interviews, findings, disciplinary actions or OPS documents which encompasses December 1981 to the present. 6. Any and all documents relating to any allegations that Chicago Police Officers "planted" or otherwise placed evidence at the scene of a crime to incriminate someone, including but not limited to, any notes, reports, internal memoranda, photographs, interviews, findings, Complaints, disciplinary actions or OPS encompassing the time period from December 1981 to the present. 7. Any and all documents relating to any allegation or Complaint that any of the defendant police officers or former officers testified falsely in any affidavit, deposition, court proceeding, or at any time under oath which encompasses the time period beginning with each respective defendant's employment as a Chicago Police Officer to the present. 8. For all the police officers who are in the same district as the individual defendant officers in this case, all documents relating to every Complaint alleging excessive force and whether any discipline was in fact imposed encompassing the time period from December 1981 to December 1986 and for all the police officers who have been partners of the individual defendant police officers in this case, all documents relating to every Complaint alleging misconduct and whether any discipline was in fact imposed encompassing the time period from December 1981 to the present. Plaintiff's Production Request is attached as Exhibit B.

Plaintiff – in the guise of discovering his multiple, sweeping policy claims – is seeking information that would involve the production of thousands of pages of documents, the

expenditure of innumerable work-hours, and scores of depositions. Discovery on the policy claims would likely take months, if not a year alone.

Staying discovery on plaintiff's municipal liability claims until after the claims against the defendant officers has been fully discovered, though, would save the parties and the Court extensive amounts of time and resources by eliminating the need to conduct and referee massive discovery efforts relating to claims that most likely never will be tried. Moreover, focusing discovery on the underlying constitutional claims of the plaintiff will permit the parties to explore the veracity of those claims and evaluate whether the matter should be settled or tried which would negate the need for the expenditure of time, effort and money on plaintiff's policy discovery. Finally, it is in plaintiff's best interests that his claims against the defendant officers are efficiently and efficaciously prosecuted, in contract to becoming involved in a lengthy and costly discovery process with respect to multiple policy claims that, assuming they survive summary judgment and even assuming they are proven, do not provide them with any additional compensatory damages.

## IV. CONCLUSION

Rule 1 of the Federal Rules of Civil Procedure provides that the Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Also, Fed. R. Civ. P. 26 (c) lists avoidance of "undue burden or expense" as a proper purpose of a protective order. It can only serve the interests of convenience, economy and justice to stay discovery on the various policy claims against the City.

This action is brought by plaintiff, seeking compensation in the form of damages, for injuries he allegedly incurred at the hands of the defendant officers. The Supreme Court has recognized that in light of the relaxed pleading standards allowing plaintiffs to allege conclusory policy claims, that lower courts should control discovery as a means of managing the

-8-

"phenomenon of litigation against municipal corporations." *Leatherman*, 507 U.S. at 167. The scope and cost of the instant litigation will be greatly and unnecessarily inflated by plaintiff's pursuit of policy claims which, in the end, will not generate any additional compensatory damages. Discovery on the *Monell* claims in this case can gain plaintiff nothing, while causing the parties and the court to incur substantial costs. Thus, discovery on these claims should be stayed; this will lead to the speedy and more economical resolution of the real issues in this case, whether plaintiff's constitutional rights were violated and, if so, what are the compensatory damages that defendants must pay?

WHEREFORE, for the reasons stated, Defendant, CITY OF CHICAGO, respectfully requests this Court to stay plaintiff's *Monell* policy claims against the City until such time as the claims against the officer defendants are fully discovered.

Respectfully submitted,

By: _____
One of the Attorneys for Defendant,
City of Chicago

Steven M. Puiszis
John P. Goggin
Robert T. Shannon
HINSHAW & CULBERTSON
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

# SEE CASE FILE FOR EXHIBITS