UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADISON HOBLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 3678 |
| ) | |
| CHICAGO POLICE COMMANDER JON ) | Judge Marvin Aspen |
| BURGE, DET. ROBERT DWYER, DET. JAMES ) | |
| LOTITO, DET. VIRGIL MIKUS, DET. DANIEL ) | Magistrate Brown |
| McWEENEY, DET. JOHN PALADINO, ) | |
| SGT. PATRICK GARRITY and THE CITY ) | |
| OF CHICAGO ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF MOTION**

To: See Attached Service List

PLEASE TAKE NOTICE that on September 23, 2003, at 10:30 a.m., or as soon thereafter as this Motion may be heard, I shall appear before the Honorable Judge Aspen, or any judge sitting in his stead in the Courtroom usually occupied by him in Room 2568 in the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, 60604, and shall then and there present Defendants' Motion Joint Motion to Dismiss, Motion for Leave to File Oversized Brief in Support of Defendants' Joint Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss, copies of which are attached hereto and herewith served upon you.

_____
Steven M. Puiszis

HINSHAW & CULBERTSON
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

## CERTIFICATE OF SERVICE

Diane Barnes, a non-attorney, being first duly sworn on oath deposes and states that she served the foregoing Notice to all counsel of record by mailing same from the U.S. Mail located at 222 North LaSalle Street, Chicago, Illinois on September 16, 2003.

*Diane Barnes*

SUBSCRIBED AND SWORN TO
before me this 16th day of
September, 2003.

_____
Notary Public

OFFICIAL SEAL
RITA N CARLSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/28/05

## SERVICE LIST

Kurt H. Feuer
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois  60607
(312) 243-5900
FAX: (312) 243-5902
**(Attorney for Plaintiff)**

Andrea D. Lyon
Associate Professor
The Center for Justice in Capital Cases
  of the DePaul College of Law
25 East Jackson Boulevard
Chicago, Illinois  60604
(312) 362-8402
FAX: (312) 362-5421
**(Attorney for Plaintiff)**

James G. Sotos
Michael W. Condon
Hervas, Sotos, Condon & Bersani, P.C.
333 Pierce Road
Suite #195
Itasca, Illinois 60143-3156
(630)773-4774
FAX: (630)773-4851
**(Attorney for individual defendants)**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADISON HOBLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03 C 3678 |
| CHICAGO POLICE COMMANDER JON BURGE, DET. ROBERT DWYER, DET. JAMES LOTITO, DET. VIRGIL MIKUS, DET. DANIEL McWEENEY, DET. JOHN PALADINO, SGT. PATRICK GARRITY and THE CITY OF CHICAGO | ) Judge Marvin Aspen ) ) Magistrate Brown ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' JOINT MOTION TO DISMISS**

Defendant, CITY OF CHICAGO by its attorney, Steven M. Puiszis of the law firm of HINSHAW & CULBERTSON, and Defendants Jon Burge, Robert Dwyer, James Lotito, Virgil Mikus, Daniel McWeeney, John Paladino and Patrick Garrity by their attorney James G. Sotos of the law firm of Hervas, Sotos, Condon & Bersani now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the plaintiff's Complaint and in support thereof, states:

### I. INTRODUCTION

1. Plaintiff has filed a twelve-count Complaint (attached hereto as Exhibit "A") claiming that he was wrongfully convicted of murder and unlawfully spent more than sixteen (16) years in prison.

2. Plaintiff brings the following claims against the defendants pursuant to 42 U.S.C. §1983 and under state law:

| Count | Claim |
|---|---|
| I | §1983 Excessive Force |
| II | §1983 Failure to Intervene |
| III | §1983 Due Process |

| Count | Claim |
|---|---|
| IV | §1983 Conspiracy |
| V | State Law Conspiracy |
| VI | Intentional Infliction of Emotional Distress |
| VII | Battery |
| VIII | False Arrest |
| IX | Illinois Hate Crime |
| X | Malicious Prosecution |
| XI | *Respondeat Superior* |
| XII | Indemnification |

3. Plaintiff alleges in Count I, that defendants Dwyer and Lotito used excessive force (Ex. A, ¶¶35, 36), in an attempt to coerce him "into confessing to starting the fire" (Ex. A, ¶17) at the building where he lived. Plaintiff claims, however, that at no time did he ever confess (Ex. A, ¶19) and that the defendants created "a false oral confession that they claim he gave on the day of the fire" (Ex. A, ¶20). The fire occurred on January 6, 1987 (Ex. A, ¶11).

4. In Count II, plaintiff alleges that "Defendants Mikus and Garrity, and possibly others, stood by without intervening to prevent" Lotito and Dwyer's alleged use of excessive force against him" (Ex. A, ¶41).

5. In connection with plaintiff's due process claim in Count III, Hobley alleges that all of the individual defendants deprived him of his constitutional right to a fair trial (Ex. A, ¶46) by concealing that he "had never confessed as alleged by the prosecution at trial;" by assisting "in tainting the testimony of witnesses who testified against [him];" by assisting in "planting the gas can . . . at the scene of the fire;" and by assisting in withholding an "exculpatory fingerprint report relating to said gas can" (Ex. A, ¶¶47, 48).

6. In Count IV, plaintiff appears to bring two separate conspiracy claims. In Paragraph 54, he alleges that "the police officer defendants" and "individuals who comprise the Office of Professional Standards" agreed that "if any member of the Chicago Police Department were accused by citizens of wrongdoing, then the O.P.S. employees 'would' endeavor to deem those citizen complaints unfounded or unsustained" (Ex. A, ¶54). Later in Count IV, plaintiff also alleges that all of the individual defendants (with the exception of McWeeney) conspired to conceal the fact that "Hobley had never confessed to the murders as alleged by the prosecution at the criminal trial" and that "Hobley had not failed a polygraph as reported by defendant Garrity" (Ex. A, ¶59). Plaintiff further asserts that "Defendants Burge McWeeney and Paladino, as well as some or all of the other defendant officers" reached an agreement "either to assist in tainting the testimony of the witnesses who testified against Mr. Hobley or else to assist in planting the gas can," at the scene of the fire (Ex. A, ¶59). Plaintiff asserts that all of the individual defendants then agreed "to conceal all of these facts, as well as the exculpatory fingerprint report from Mr. Hobley (Ex. A, ¶59).

7. In Count I, plaintiff contends that the alleged misconduct "was undertaken pursuant to a policy and practice of the Chicago Police Department." (Ex. A, ¶38). Plaintiff further alleges in boilerplate fashion that the alleged misconduct referred to in Counts II, III and IV "was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described" more fully above. (Ex. A, Count II, ¶¶44; Count III, ¶52; Count IV, ¶65).

8. Plaintiff asserts that the Illinois Supreme Court granted plaintiff "leave to conduct extensive discovery into the circumstances of his conviction" and that plaintiff was able to prove facts establishing his innocence (Ex. A, ¶3). Plaintiff also alleges that on January 10, 2003, former Governor George Ryan granted Hobley a full pardon based on innocence and released

-3-

him from death row (Ex. A, ¶4). However, in affirming his conviction on direct appeal, the Illinois Supreme Court concluded that there was "overwhelming evidence of [Hobley's] guilt." *People v. Hobley*, 159 Ill.2d 272, 308, 314 (1994). In a later opinion, *Hobley II*, the Illinois Supreme Court did remand the case for an evidentiary hearing on plaintiff's *Brady* claims, *People v. Hobley*, 182 Ill.2d 404, 429 (1998). However, for purposes of determining whether an evidentiary hearing was required on plaintiff's petition for post-conviction relief, the Supreme Court had to accept as true the well pleaded facts in Hobley's petition and accompanying affidavits. After holding the evidentiary hearing on that post-conviction petition, Judge Dennis J. Porter ultimately concluded that no *Brady* violation occurred in connection with plaintiff's criminal prosecution. For example, in connection with regard to the so-called "exculpatory" fingerprint report the defendants are accused of deliberately withholding in paragraphs 25, 48 and 59 of plaintiff's pending Complaint, Judge Porter wrote:

> It is <u>admitted</u> that the defense knew that the can had been sent to the crime lab and that no fingerprints were found on the can. This is an undisputed fact. Further, this court finds the defense had this information for <u>years</u> prior to trial. This information is contained in the report of Detective Dwyer (Respondeat's Post-Conviction Exhibit No. 1). This report is dated January 31, 1987. It was undeniably contained in the police reports that were tendered to the defense and it was found in the portion of the defense trial file which is still in the possession of the Public Defender's Office. It is a certainty that the defense had this report in the earliest stages of their investigation.

(Ex. D, pp. 7-8) (emphasis in original).[1] Plaintiff's carefully tailored assertions in paragraph 3 attempt to raise an inference that is simply not true. In point of fact, there has been no judicial determination made in the context of the underlying criminal or post-conviction proceedings that

---

[1] The Illinois Supreme Court's opinions in *Hobley I and II* are attached to defendant's Memorandum of Law as Exhibits B and C respectively. Judge Dennis Porter's 33-page Memorandum Opinion and Order following Hobley's evidentiary hearing on his post-conviction petition is attached as Exhibit D. Exhibit E is plaintiff's motion filed in the Illinois Supreme Court withdrawing his appeal of Judge Porter's Memorandum Opinion and Order and Exhibit F is the Supreme Court's order granting that motion.

Hobley was innocent of the charges placed against him; that the prosecution failed to meet its burden of proving Hobley guilty beyond a reasonable doubt; or that any of plaintiff's constitutional rights, including his right to a fair trial were violated by any of the defendants.

## LEGAL STANDARD ON MOTION TO DISMISS

9. A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted where a complaint fails to state a cause of action upon which relief can be granted. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). While a court must assume that all well-pled allegations in a complaint are true, the court need not strain to find favorable inferences which are not apparent on the face of the complaint. *Coates v. Illinois State Board of Education*, 90 F.3d 1225, 1233 (7th Cir. 1977). Where it is apparent after examining the complaint as a whole that plaintiff can prove no set of facts entitling him to relief, the complaint should be dismissed with prejudice. *Slaney v. The International Amateur Athletic Federation*, 244 F.2d 580, 597 (7th Cir. 2001).

## JUDICIAL NOTICE PERMITTED

10. This court is permitted to take judicial notice of matters of public record on a Rule 12(b)(6) motion to dismiss without converting it to one for summary judgment. *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996) citing, *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (7th Cir. 1986). In *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996), the Seventh Circuit recognized that proceedings from other courts, "both within and outside the federal judicial system" may be judicially noticed especially where those proceedings "have a direct relation to matters at issue." (collecting cases). See also *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (holding that court documents from state court proceedings can be judicially noticed and considered on a Rule 12(b)(6) motion to dismiss).

11. Defendants' submit that this court can take judicial notice of the Illinois Supreme Court opinions issued in *People v. Hobley* as well as Judge Porter's Memorandum and Opinion Order following the evidentiary hearing on plaintiff's post-conviction petition. Paragraph 3 of plaintiff's complaint itself references the Supreme Court's decision in *Hobley II* and the "extensive discovery" which Judge Porter supervised in connection with the evidentiary hearing ordered by the Supreme Court in *Hobley II*. Because a number of the assertions of alleged wrongdoing now made by plaintiff in his Complaint were presented to and rejected by the Illinois Supreme Court and Judge Porter, those opinions are relevant to whether plaintiff can state a claim, whether he is collaterally estopped from relitigating those issues, and whether his claims are now time-barred.

## GROUNDS FOR DISMISSAL

12. In *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), the Supreme Court recognized that §1983 liability cannot attach to a municipality in the absence of a constitutional violation. As to plaintiff's state-law claims, §10/2-109 of the Local Governmental Tort Immunity Act provides that, "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. Consequently, if plaintiff cannot establish a claim under either 42 U.S.C. §1983 or state law against the individual defendants, the City has no corresponding liability. As outlined below, and explained in the defendants' Memorandum of Law, plaintiff has no valid cause of action against the individual defendants and therefore, all claims against the City should be similarly dismissed.

13. Defendants submit plaintiff's various claims should be dismissed for the following reasons:

-6-

(a) The claims brought in Counts I, II, III, IV, V, VI, VII, VIII and IX were not filed within the appropriate statute of limitations and are now time-barred.

(b) Plaintiff is collaterally estopped from relitigating the claims he brings in his §1983 action. The allegations of police misconduct which plaintiff now brings in this matter were extensively litigated and resolved against the plaintiff in his underlying criminal and post-conviction proceedings. Plaintiff should not be allowed to ignore the final judgments of state courts that had previously addressed these allegations of misconduct.

(c) Plaintiff appears to allege the existence of two separate conspiracies in Count IV. One is referenced in paragraph 54 and the other in paragraph 59. As to the §1983 conspiracy referenced in paragraph 54, it should be dismissed under the intra-corporate conspiracy doctrine. In addition, as to the purposed conspiracy referenced in Paragraph 54, plaintiff has failed to plead the necessary elements of an actionable civil rights conspiracy and that claim is time barred.

(d) As to the §1983 conspiracy claims set forth in paragraphs 54 and 59, plaintiff fails to allege that the relief sought in that claim cannot be obtained through some other existing or available claim or cause of action. Therefore, plaintiff has failed to state a §1983 conspiracy claim in light of the United States Supreme Court's recent decision in *Christopher v. Harbury*.

(e) To the extent that plaintiff's §1983 conspiracy claim in paragraph 59 involves an alleged conspiracy to conceal the results of a polygraph exam, it fails to state a claim upon which relief can be granted. Plaintiff does not allege the results of the polygraph exam were admitted at his trial. Indeed, the results of a polygraph exam are inadmissible under Illinois law. Therefore, that conspiracy could not have violated plaintiff's right to a fair trial rendering his conspiracy claim non-actionable.

(f) To the extent that plaintiff's §1983 conspiracy claim set forth in paragraph 59 involves the purported concealment of the fact that plaintiff did not allegedly confess to setting the fire, the defendants enjoy absolute immunity against that claim under the Supreme Court's decisions in *Briscoe v. LaHue* and *Imbler v. Pachtman* as well as the Seventh Circuit's decision in *House v. Belford*.

    (g)    A criminal defendant's right to a fair trial under *Brady v. Maryland* is not violated where the criminal defendant and/or his attorney either knows of or has in their possession the alleged exculpatory evidence or information or where the defendant and/or his attorney could obtain that evidence or information through the exercise of reasonable diligence. As explained in the attached memorandum, the alleged exculpatory evidence which plaintiff is claiming he was never provided was either in his attorney's possession, or could have been obtained through the exercise of reasonable diligence. Therefore, plaintiff's rights under *Brady v. Maryland* were not violated in connection with his criminal prosecution and plaintiff cannot make out an actionable due process claim.

    (h)    In *Parratt v. Taylor*, the Supreme Court held that the availability of a state tort remedy provides the plaintiff all the process to which he is entitled for purposes of a §1983 due process claim. Indeed, *Parratt* was the basis upon which the Seventh Circuit concluded that a §1983 malicious prosecution remedy was no longer available in wrongful conviction cases arising in Illinois. Because *Newsome* recognized a procedural due process claim for a purported *Brady* violation, the existence of a state tort remedy should similarly "knock out" a due process claim involving the same type of alleged police misconduct.

    (i)    Section 10/2-109 of the Local Governmental Tort Immunity Act provides that a local public entity cannot be held liable for the act or omission of its employee where the employee is not liable. (745 ILCS 10/2-109). Because plaintiff has failed to plead a cause of action under state law against defendant, plaintiff's *respondeat superior* and indemnification claims in Counts XI and Count XII fail as a result.

    (j)    Plaintiff's prayer for punitive damages in Count VI should be dismissed. The Illinois Supreme Court has held that punitive damages are not available in a claim for intentional infliction of emotional distress.

14.    Defendants incorporate herein by reference the authorities and arguments cited in their Memorandum of Law in support of this Motion to Dismiss.

WHEREFORE, the Defendants pray that this Honorable Court enter an order dismissing plaintiff's Complaint with prejudice.

Respectfully submitted,

By: /s/ Steven M. Puiszis
One of the Attorneys for the City of Chicago

By: /s/ James G. Sotos/by SMP
One of the Attorneys for the Individual Defendants

Steven M. Puiszis
HINSHAW & CULBERTSON
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

James G. Sotos
HERVAS, SOTOS CONDON & BERSANI
333 Pierce Road
Suite 195
Itasca, Illinois 60143
(630) 773-4774