# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3678 | **DATE** | 10/14/2003 |
| **CASE TITLE** | Hobley vs. Burge, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion setting out reasons for order of Oct. 8, 2003 granting Plaintiff's Second Motion to Compel Production and entering the show cause order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 15 2003 | 50 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 10/14/2003 | |
| GR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | GR mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 1 5 2003

| | |
|---|---|
| MADISON HOBLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03 C 3678 |
| CHICAGO POLICE COMMANDER JON BURGE, et al., | ) Judge Marvin Aspen |
| Defendants. | ) Magistrate Judge Geraldine Soat Brown |

Geraldine Soat Brown, United States Magistrate Judge

### MEMORANDUM OPINION

Plaintiff's Second Motion to Compel Production [dkt 39], which was directed to defendant City of Chicago, was before this court on October 8, 2003. Because the attorney for the City did not appear for the initial hearing on that motion, and in order to allow that attorney to prepare for the show cause hearing ordered for October 20, 2003, the reasons for this court's order granting Plaintiff's Second Motion to Compel Production and entering the show cause order are set out herein.

The plaintiff served document requests and interrogatories on defendant City of Chicago on July 14, 2003. (Pl.'s Second Mot. Compel, Ex. A.) On August 13, 2003, the City served responses entitled "Legal Objections" to both the document requests and the interrogatories. (Pl.'s Second Mot. Compel, Ex. B.) On August 19, 2003, the District Judge ordered that discovery was not stayed

1

pending his decision on the City's motion to dismiss, and expressly ordered, "Defendants are to expedite responses to any outstanding discovery." [Dkt 30.]

The plaintiff brought his second motion to compel because *the City's discovery responses did not produce any document or answer any interrogatory.* This court has examined the City's responses, which were attached to the plaintiff's motion, and finds that they violate Fed. R. Civ. P. 37(a)(3), under which evasive or incomplete responses are deemed a failure to respond. The following are illustrative examples.

In response to Request to Produce 20, seeking any insurance policies that might provide coverage, the City stated, "Objection. This production request is not reasonably calculated to lead to the discovery of admissible or relevant evidence." In light of the obligation in Fed. R. Civ. P. 26(a)(1)(D) to produce any insurance agreement that might provide coverage, the City might properly have stated that any such policies had been produced or that none exist, but to *object* to producing insurance policies is simply frivolous.

In response to Interrogatory 1, requesting information about the persons who participated in answering the interrogatories, the City objected to identifying which person answered which interrogatory as "unduly burdensome." However, it failed to answer the interrogatory to the extent not objected. *Cf.* Fed. R. Civ. P. 33(b)(1): "[T]he objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Notwithstanding its failure to provide *any answer* to the interrogatory, the City closed its response to the interrogatory by stating, "[T]his defendant reserves the right to supplement this interrogatory answer upon the discovery of additional information." The City's responses to Interrogatories 2, 3 and 13 are similar in not providing information but reserving a "right" to "supplement." The City ignores the obligation of

2

each party to make a reasonable inquiry and answer fully in responding to discovery, as well as the fact that seasonable supplementation of discovery responses is an *obligation*, not a right that the City may exercise at its discretion. Fed. R. Civ. P. 37(a)(3) and 26(g)(2) and (e).

The City objected to producing any documents relating to any internal investigation undertaken by the police department in connection with the events described in the complaint on a variety of boilerplate and generalized grounds including "irrelevant" and "not reasonably calculated to lead to discoverable evidence." (City's Resp. Doc. Req. 19.) It is well-settled that general objections are insufficient to voice a successful objection. *See, e.g., St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa, 2000)(collecting cases). Furthermore, the request described above appears directly calculated to lead to admissible evidence. The City's responses are replete with such generalized, boilerplate, and inapplicable objections. *See, e.g.*, the City's objection to Interrogatory 12 seeking the identity of persons responsible for responding to plaintiff's requests for medical attention during his custody by Chicago police officers, that the interrogatory is "vague, ambiguous, overly broad, unduly burdensome, is not reasonably calculated to lead to discovery of admissible evidence and calls for a legal conclusion."

To the extent the City objects to producing documents on the basis of the attorney-client privilege or its asserted "governmental privilege," the City has the obligation to produce a privilege log, which it has not done. Fed. R. Civ. P. 26(b)(5).

The City objected to producing certain documents on the ground that those documents should be the subject of a protective order, and objected to producing documents relating to the City's policies and practices on the ground that those should not be produced until it is "established that the plaintiff suffered any underlying constitutional violation." However, the City has not moved for

3

a protective order nor has the City sought an order from the District Judge limiting or staging discovery. *See* Fed. R. Civ. P. 37(d): "The failure to act... may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)."

The foregoing are only representative examples of the City's responses, the balance of which are similar. It is apparent that the City adopted an ill-advised strategy to avoid providing any information or documentation while seeking neither an extension of time nor a protective order, by objecting to everything in order to toss the burden back on the plaintiff to obtain any real information. This gamesmanship is antithetical to the principles of discovery under the Federal Rules. The result is that the City's responses are, in fact, non-responses. Accordingly, the City's "Legal Objections" are stricken, and the City shall answer the interrogatories and produce the requested documents by October 27, 2003. That deadline is set because the plaintiff's discovery requests were served three months ago, and two months ago the District Judge ordered the defendants to expedite their discovery responses.

The signature of an attorney on a discovery response is a certification that the responses are consistent with the Federal Rules. Fed. R. Civ. P. 26(g)(2). The City's responses were not. The attorney who signed those responses, Steven M. Puiszis, is required to appear on October 20, 2003 and show cause why he should not be sanctioned pursuant to Rule 26(g)(3) and Rule 37(a)(4)(A).

October 14, 2003

Geraldine Soat Brown
United States Magistrate Judge

4