# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3678 | **DATE** | 11/10/2003 |
| **CASE TITLE** | Hobley vs. Burge, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on ___ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, the City's Motion to Reconsider the October 14, 2003 Opinion [dkt 52-1] is granted in part and denied in part. The City's objections to the plaintiff's first set of interrogatories and first set of document requests are waived except as set out in the Memorandum Opinion and Order. Attorney Robert Shannon shall pay plaintiff's counsel the amount of $590 pursuant to Fed. R. Civ. P. 26(g)(3).
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 12 2003 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 11/10/2003 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | 03 NOV -9 PM 11:26 | GB | |
| | GB courtroom deputy's initials | Date/time received in Central Clerk's Office | mailing deputy initials | |

DOCKETED
NOV 1 2 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MADISON HOBLEY, )
 )
    Plaintiff, )
 )
v. ) Case No. 03 C 3678
 )
CHICAGO POLICE COMMANDER ) Judge Marvin Aspen
JON BURGE, et al., )
    Defendants. ) Magistrate Judge Geraldine Soat Brown
 )
 )
 )

# MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART THE CITY'S MOTION FOR RECONSIDERATION

Geraldine Soat Brown, United States Magistrate Judge

    Since the entry of this court's Memorandum Opinion of October 14, 2003 (the "October 14 Opinon") [dkt 50] setting out the reasons for granting the Plaintiff's Second Motion to Compel [dkt 39], and the show cause hearing on October 20, 2003, this court has received submissions from counsel for the City and counsel for the plaintiff assuring the court that they value their reputations as lawyers. *See* City's Mot. Reconsider, Ex. A, Puiszis Aff. ¶ 1 [dkt 52]; Pl.'s Resp. at 8, 10. [Dkt 55.] Unquestionably, a lawyer's reputation is very important to him or her. That is precisely why the Federal Rules of Civil Procedure require that every discovery response be signed by at least one attorney of record in the attorney's individual name as a certification that the response is consistent

1

with the rules and not interposed for any improper purpose. Fed. R. Civ. P. 26(g) (2003). The purpose of that certification is to "oblige[] each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection." Fed. R. Civ. P. 26, Advisory Committee Notes, 1983 Amendment. The issue that touched off this controversy is whether the City's "Legal Objections" were signed in violation of that requirement.

After reviewing the submissions of the parties, and hearing argument on this matter, for the following reasons, the City's Motion to Reconsider the October 14, 2003 Opinion is granted in part and denied in part.[1] The City's objections to the plaintiff's first set of interrogatories and first set of document requests are waived except as set out herein. Attorney Robert Shannon shall pay plaintiff's counsel the amount of $590 pursuant to Fed. R. Civ. P. 26(g)(3).

---

[1] The City's counsel explain their failure to appear at the initial hearing on Plaintiff's Second Motion to Compel, held on October 8, 2003, by saying that they did not receive a copy of the minute order setting that hearing. (Puiszis Aff. ¶ 6.) That is surprising because counsel for all of the other parties received the minute order and appeared on time at the October 8, 2003 hearing. Furthermore, there were at least two additional ways that the City's counsel could have learned of the October 8, 2003 hearing. As described on this court's web site, after a motion has been referred by a District Judge, this court sets an initial hearing on the motion. Accordingly, shortly after the referral of Plaintiff's Second Motion to Compel, that motion was set for initial hearing on October 8, 2003, by order entered on September 30, 2003 and docketed on October 1, 2003. [Dkt 46.] The City's counsel state that they checked the docket on September 30, 2003 (City's Mot. Reconsider, Ex. B, Shannon Aff. ¶ 5), but apparently that counsel never checked the docket on October 1st or anytime during the week thereafter, although they knew that the Second Motion to Compel had been referred to this court. (Id. ¶ 4.) Furthermore, the October 8 hearing was listed in the October 7, 2003 *Chicago Daily Law Bulletin*'s calendar of hearings for October 8, 2003. CHICAGO DAILY LAW BULLETIN, Oct. 7, 2003, at 8. While the court accepts counsel's representation that their failure to appear was not intentional, there is no explanation for the City's counsel's failure to utilize either of those two common means of keeping informed about the status of a case.

2

## DISCUSSION

*1. The Plaintiff's Discovery Requests and the City's "Legal Objections."*

In this action under 42 U.S.C. § 1983, plaintiff Madison Hobley claims that he was tortured while in the custody of Chicago police as part of a pattern and practice by certain Chicago police officers, and convicted on the basis of false testimony, resulting in his spending 13 years in prison on Death Row before being released. On July 14, 2003, plaintiff's counsel served the counsel for the City with first sets of interrogatories and requests for documents. (Pl.'s Second Mot. Compel, Ex. A.) On August 13, 2003, the City's counsel served documents entitled "Defendant City's Legal Objections to Interrogatories" and "Defendant City's Legal Objections to Request for Production." (*Id.*, Ex. B.) The City's "Legal Objections" objected to each and every interrogatory and each and every document request propounded by the plaintiff, including the request for insurance agreements that might provide coverage. *Cf.* Fed. R. Civ. P. 26(a)(1)(D). The City did not provide any information in response to any interrogatory and did not commit to producing a single document.

Both "Legal Objections" were prefaced as follows: "Now comes the Defendant, The City of Chicago, by and through its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, through Steven M. Puiszis of the law firm Hinshaw & Culbertson...." (Pl.'s Second Mot. Compel, Ex. B.) The signature block for both "Legal Objections" stated: "Hinshaw & Culbertson/ by _____/ One of the Attorneys for the Defendant/ The City of Chicago." (*Id.*) On the signature line was an illegible scrawl. On the left side of the last page of both documents was a list of attorneys' names: Steven M. Puiszis, John P. Goggin, Robert T. Shannon, and Corrine Cantwell. (*Id.*) Based on these facts, this court concluded that the signature was that of Mr. Puiszis, and, accordingly, Mr. Puiszis was ordered to show cause why he should not be sanctioned for signing the

3

"Legal Objections" in violation of Rule 26(g). [Dkt 47.]

The City has now stated that attorney Robert T. Shannon, not Mr. Puiszis, prepared and signed both "Legal Objections" although Mr. Shannon's name does not appear on either document except as the third of the four attorneys in the list on the last page. (Shannon Aff. ¶ 2. ) Thus, the October 14 Opinion is corrected to reflect that the motion to show cause should have been directed to Mr. Shannon, although Mr. Puiszis bears some responsibility as supervising attorney in whose name the "Legal Objections" were served, presumably with his permission.

2. *The "Legal Objections" violated the Federal Rules.*

The October 14 Opinion recited the many ways that the "Legal Objections" violated the Federal Rules of Civil Procedure relating to discovery responses. *Significantly, the City does not attempt to defend the sufficiency of its "Legal Objections."* Nowhere in the City's Response or Reply does the City argue that the objections it stated were proper or justified, with the one exception discussed in the next paragraph. On the contrary, the City admits that it never intended its "Legal Objections" to be its real response to the plaintiff's discovery requests, and states that its "actual" responses to plaintiff's discovery would be "forthcoming." (*Id.*)

The exception relates to the City's objection to producing discovery related to its pattern and practices, so-called *Monell* discovery. The City appropriately takes issue with that part of the October 14 Opinion stating that the City did not move to stay or structure discovery. (October 14 Opinion at 2-3.) That statement was not correct. Following the service of the "Legal Objections," the City presented a motion to the District Judge to structure discovery by staying the plaintiff's *Monell* policy claims until discovery of the claims against the individual officers was completed. (City's Mot. Structure Discovery.) [Dkt 31.] That motion was granted by the District Judge on

4

September 11, 2003, prior to the filing of Plaintiff's Second Motion to Compel. [Dkt 36.] Because that motion was never before this court, this court was not aware of that motion or the District Judge's order. The plaintiff's Second Motion to Compel did not inform this court that the District Court had stayed the production of certain discovery that the plaintiff's motion sought to be compelled. Under the District Court's order, this court could not grant all of the relief requested by the plaintiff's Second Motion to Compel. The plaintiff's counsel should have brought that fact to this court's attention. The City's Motion to Reconsider is granted and the October 14 Opinion is modified to reflect that the City moved to structure discovery and that motion was granted by the District Judge.

3. *The Federal Rules do not authorize a faux response.*

With respect to the balance of the October 14 Opinion, the Motion for Reconsideration is denied. The City's argument as to why its counsel should not be sanctioned for signing the "Legal Objections" reflects a failure to understand the purpose and significance of responses to discovery under the Federal Rules.

The City's counsel state that "the legal objections filed on behalf of the City were never intended to represent the City's 'sole response' to plaintiff's written discovery. . . . [T]hose objections were made simply to preserve them against claims of waiver under F.R.C.P. 34." (City's Mot. Reconsider at 2.) The City argues that it was "moving on two parallel tracks, one preserving *possible objections* to plaintiff's written discovery requests while moving forward with responses to that discovery. . . ." (*Id.*) (emphasis added.)

Mr. Shannon states that he wanted to avoid the waiver that would result from failing to serve timely objections to the discovery requests. (Shannon Aff. ¶ 2.) However, in considering part of

5

Rule 33(b), the City's counsel failed to consider other parts of that Rule, in particular subparagraph 4 ("All grounds for an objection to an interrogatory shall be stated with specificity"), and subparagraph 1 ("[T]he objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable"). Rule 34(b) contains the same requirements regarding responses to document requests: "The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."[2]

The City's notion that it could preserve "possible objections" flies in the face of the text of these Rules. The City was required to enunciate its *actual* objections and its *actual* responses within the time required by the Rules. The City's tactic of serving a *faux* response in order to buy time to consider "possible" objections is simply contrary to the Federal Rules.

Mr. Shannon attempts to justify the City's "Legal Objections" to the interrogatories by arguing that the City needed more time to get the information to answer the interrogatories.

---

[2] While Rule 34 does not contain an express provision for waiver of objections not timely made, failure to respond to a document request subjects the party to sanctions under Rule 37(d). Furthermore, courts have interpreted Rule 34 as containing an implicit waiver provision to parallel the express provision of Rule 33(b)(4) so that the discovery rules are read as an integrated mechanism. *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D. N.C. 2001). That interpretation is reinforced by considering that, under Rule 34, a responding party who does not object to the production of certain categories of documents may nonetheless propose an alternative date or time for production than that identified in the request. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2213, at 425 (1994)("Wright & Miller"). In light of the fact that what is required within 30 days is a response, with the responsive documents to be produced at a specified, reasonable time and place thereafter, it is hard to see why that 30 day time period is not sufficient to allow the attorneys for a party to articulate and serve proper objections. If additional time is needed, for example, to prepare the privilege log required for asserting an objection based on privilege (Rule 26(b)(5)), the process for obtaining additional time is set out in Rule 34(b).

(Shannon Aff. ¶11.) However, both Rule 33(b)(3) and Rule 34(b) contain express provisions under which the responding party may obtain additional time to serve a response by agreement of the parties or with leave of court. The City did not seek any additional time to respond, either by agreement or from the court.

It is apparent from the City's Motion to Reconsider that the "Legal Objections" were simply a self-help method to buy time and avoid committing to producing anything. As such, Mr. Shannon's signature on those "Legal Objections" violated not only Rule 26(g)(2)(A), which requires responses to be consistent with the Rules, but also Rule 26(g)(2)(B), which prohibits responses interposed for an improper purpose such as causing unnecessary delay. If the City needed additional time to formulate a proper response, the method of obtaining that time is set out in Rule 33(b)(3) and Rule 34(b); serving a *faux* response is not the way.

The irony, of course, is that the types of objections served by the City are insufficient to preserve any proper objections. As discussed in the October 14 Opinion (at 3), it is well established that generalized, boilerplate objections are insufficient. *See, e.g., Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (holding that "the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory.") Objections must not only be timely, they must be proper, or the result is waiver. "There is no provision in the Federal Rules for preserving objections. . . Having failed to answer or make specific legitimate objections to particular interrogatories within the time allowed, defendants were held to have waived objections to all interrogatories." *Casson Const. Co., Inc. v. Armco Steel Corp., et al.*, 91 F.R.D. 376, 379-80 (D. Kan. 1980) (affirming magistrate's order that defendants had waived any objections and did not preserve the right to make "substantive"

objections after the response date had passed).

    4.   *The City's faux response was unfair to the plaintiff and the court.*

The City argues that there was no real harm to the plaintiff because the City was also proceeding along the second, "parallel track." (City's Mot. Reconsider at 2.) The City points to the fact that it produced to plaintiff's counsel 10,000 pages of documents that the City had obtained by way of subpoena from the States Attorney. (Puiszis Aff. ¶ 2.) The plaintiff disputes that this is meaningful production by the City because the City has not produced its own files. (Pl.'s Resp. Chicago's Mot. Reconsider at 3.) The City responds that the 10,000 pages included documents originally from the City's files, and thus are responsive to the plaintiff's document requests. (Def. City's Reply Supp. Mot. Reconsider at 8-9.) The City also states that it has produced the complaint registers relating to the individual defendant officers to the attorney representing those officers, and that the plaintiff's counsel knows that those complaint registers will be produced to the plaintiff after the attorney for the individual defendants has redacted personal information. (Puiszis Aff. ¶ 2.) The City also states that certain other documents were produced prior to the October 8, 2003 hearing on Plaintiff's Second Motion to Compel. (Def. City's Reply Supp. Mot. Reconsider at 8-9.)

With respect to answering the plaintiff's interrogatories, the City initially stated that it had served supplemental answers to the plaintiff's first set of interrogatories on October 8, 2003, "subject to its previously identified objections." (City's Mot. Reconsider at 10.) In an embarrassing gaffe, the City's counsel inadvertently served not supplemental answers but the same "Legal Objections" only this time verified by one of the individual defendants. (Def. City's Mot. Correct Record ¶ 3.) [Dkt 58.] The City states that it actually served the supplemental answers on October 22, 2003. (*Id.* at ¶ 4.) Thus, Plaintiff's Second Motion to Compel is moot in so far as it sought an order compelling

supplemental answers to the interrogatories. [Dkt 60.] However, this is not a ruling on the sufficiency of those answers, which is not before the court.

Although the City's document production was not "nothing," as suggested in Plaintiff's Second Motion to Compel (at ¶ 8), the history illustrates what is wrong and unfair about the City's approach here. The plaintiff served his discovery requests in July 2003. On August 19, 2003, the District Judge ordered the defendants to "expedite responses to any outstanding discovery." [Dkt 30.] The first "real" answers to plaintiff's interrogatories were not served until October 22, two months after the answers were due. As of the hearing before this court on November 3, 2003, the City had not yet withdrawn its *faux* document response and served its actual, genuine response to plaintiff's first set of document requests. The City has been ordered to do so by November 10, 2003. [Dkt 60.] Thus, the City's *faux* responses bought it more than two months of additional time, all without agreement from the plaintiff or order of court.

That approach is patently unfair to the plaintiff. Efficiency and common practice suggest that ordinarily at least the first round of written discovery be substantially completed before depositions are taken. Specific written objections to discovery are required so that the propounding party can know precisely what will be produced or answered, and what is disputed. The propounding party can then attempt to resolve the disputes, and, if no agreement can be reached, bring the matter to the court for resolution. By its two "parallel tracks," the City avoided making a commitment about what it would produce and what it would answer. The City's "second track" of document production was completely unfettered by any obligation reflected in a discovery response. The plaintiff was left with a moving target, unable to get a comprehensive catalogue of specific disputes for the court's resolution so that discovery could proceed in the expeditious manner ordered by the District Judge.

The City's approach is also unfair to any court that would attempt to resolve any discovery dispute between the parties. Although the Federal Rules and Local Civil Rule 37.2 contemplate that the parties will attempt to resolve disputes before they are brought to the court, a process that necessarily involves some adjustment of positions, the court has a right to expect that discovery responses served and signed pursuant to Rule 26(g) contain a genuine and professional articulation of the responding party's original objections. The court should not be required to work its way through pages of boilerplate objections only to hear that those objections were not the responding party's "real" position, and that the "real" position was expressed in a series of conversations, many of which are disputed by the propounding party. That is not what the Rules contemplate and require of attorneys practicing in federal court.

    5.    *The appropriate remedies here.*

Pursuant to the authorities cited in the October 14 Opinion, as well as those discussed herein, the City's *faux* responses were not sufficient to preserve any objections the City might have made to the plaintiff's discovery requests, with the exception of the objection to *Monell* discovery. However, commentators have cautioned against making "hair-trigger findings of waiver" regarding privilege objections. 8A Wright & Miller § 2213 at 428 (quoted in *Drexel Heritage*, 200 F.R.D. at 258). Rule 33(b)(4) suggests that the proper remedy here is to deem that any objections by the City to the plaintiff's first set of interrogatories and first set of document requests are waived except for "good cause shown." The only exceptions to this waiver are: 1) the objection to *Monell* discovery as reflected by the District Judge's order; and 2) objections based on privilege that are asserted in a privilege log meeting the requirements of Rule 26(b)(5), which must be served on plaintiff's counsel no later than December 2, 2003. That includes any documents that the City is withholding

10

because of any claimed "governmental privilege." *See, e.g.*, City's Legal Objections Request Production ¶ 11. Because a request for a protective order requires a justification under Rule 26(c), and because the City states that it has not delayed the production of documents because of its request for a protective order (Puiszis Aff. ¶ 16), this finding of waiver does not preclude a request for a protective order governing certain discovery. The court will determine what is "good cause shown," but the City–and indeed all parties– are cautioned that this court will not tolerate any conduct inconsistent with the intention of the Federal Rules.

It is apparent that the "Legal Objections" signed by Mr. Shannon not only were contrary to the Federal Rules but also caused plaintiff's counsel to incur expense in getting this matter before the court. The court finds, pursuant to Fed. R. Civ. P. 26(g), that the "Legal Objections" were signed without substantial justification, and accordingly, assesses against Mr. Shannon the reasonable attorneys' fees incurred by plaintiff's counsel in the amount of $590.00 reflecting two hours of the time of plaintiff's counsel, Jon Loevy, at the rate of $295 per hour. *See Garcia v. City of Chicago*, No. 01 C 8945, 2003 WL 22175620 (N.D. Ill. Sept. 19, 2003) (Holderman, J.) (awarding Mr. Loevy that hourly rate). Mr. Shannon shall pay that amount to plaintiff's counsel by November 24, 2003.

## CONCLUSION

Accordingly, the City's Motion to Reconsider is granted in part and denied in part as set out herein.

IT IS SO ORDERED.

Geraldine Soat Brown
United States Magistrate Judge

November 10, 2003

11