IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MADISON HOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 03 C 3678 |
| | ) | |
| v. | ) | Judge Aspen |
| | ) | |
| JON BURGE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
MAY 1 2 2004

FILED
MAY 1 1 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

TO:
Steven M. Puiszis
Elizabeth Staruck
Hinshaw & Culbertson
222 North LaSalle
Chicago, IL 60601

James G. Sotos
Hervas, Sotos, et al.
333 Pierce Road
Suite 195
Itasca, IL 60143

Terrence Burns
Dykema Gossett Rooks Pitts
10 South Wacker
Suite 2300
Chicago, IL 60606

Please take notice that on May 11, 2004, I filed the attached Plaintiff's Brief In Opposition To Motion To Consolidate at the United States Courthouse, 219 South Dearborn in Chicago, IL.

_____
Attorney for Plaintiff

LOEVY & LOEVY
312 N. May, Ste. 100
Chicago, IL 60607
(312) 243-5900

ANDREA D. LYON
Center for Justice in Capital Cases
DePaul College of Law
25 E. Jackson Blvd.
Chicago, Il 60604
(312) 363-8402

### CERTIFICATE OF SERVICE

I, Kurt Feuer, certify that on May 11, 2004, I delivered the above-referenced documents to the above-named counsel of record by fax.

_____

177

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MADISON HOBLEY, )
)
        Plaintiff, ) 03 C 3678
)
    v. ) Judge Aspen
)
JON BURGE, et al. )
)
        Defendants. )

## PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO CONSOLIDATE

Plaintiff, MADISON HOBLEY, by and through his counsel, LOEVY & LOEVY and ANDREA LYON, as his brief in opposition to Defendant Chicago's Motion to Consolidate Monell Policy Discovery, states as follows:

### I. INTRODUCTION

Plaintiff has no disagreement in principle with coordinating Monell discovery in this matter and, as will be shown below, a great deal of Chicago's pending brief would not have been necessary had Chicago consulted with Plaintiff prior to filing its motion. However, without going into the history of this matter, Plaintiff wishes to emphasize at the outset that his primary concern with Chicago's motion is that, at this late date in the Hobley case, it may be used by Chicago to continue the delay of discovery that has plagued this matter from its inception. Otherwise, Plaintiff is amenable to any reasonable accommodation that will result in efficiency and judicial economy.

### II. BACKGROUND

Chicago moves this Court to consolidate policy discovery in this matter with policy discovery in two other cases pending in this district which were filed by pardoned former Death Row inmates, Aaron Patterson (whose case is pending before Judge Gotschall), and Stanley Howard (whose case is pending before

Judge Anderson). Chicago's motion does not include a fourth lawsuit filed by a pardoned former Death Row inmate, Leroy Orange, whose case is pending before Judge Guzman (Orange v. Burge, et al., Case No. 04 C 168)(collectively, the "Death Row" cases).

Plaintiff agrees that there would be efficiencies in jointly coordinating Monell discovery among all four lawsuits. To that end, Plaintiff's counsel sent a proposal to Chicago's counsel that Plaintiffs' counsel in all four cases have endorsed. After conferring with Chicago's counsel over the telephone, Plaintiff's counsel believes that substantial agreement has been reached with Chicago as to how the policy discovery in these four cases could be coordinated. It appears that the only area of disagreement concerns which judge or judges should determine any discovery disputes that may arise. This disagreement appears to hinge on Chicago's view that, under Rule 42, any order of consolidation necessitates assigning the consolidated portion of the cases to the lowest-numbered case.

Regardless of whether it is proper to invoke Rule 42, Local Rule 40.4, or Internal Operating Procedure 13 (or all three, as Chicago has done), Plaintiffs do not believe that this Court is required to rigidly coordinate Monell discovery in the lowest-numbered case without considering other factors that may result in convenience and judicial economy to all of the parties and the Court. Plaintiffs' position is that this Court has discretion to reach agreement with the other judges assigned to the four Death Row cases as to how to most effectively coordinate Monell discovery, and that Chicago's position is not the most efficacious.

### III. THE PARTIES' TENTATIVE AGREEMENT

On May 3, 2004, counsel for Plaintiffs in all four Death Row cases sent Chicago's counsel a letter outlining a proposal to

2

coordinate Monell discovery. A copy of said letter is attached hereto as Exhibit A. On May 7, 2004, certain counsel for the parties conferred by telephone and it is Plaintiff's counsel's understanding that a tentative agreement, subject to incorporation in an agreed order approved by this Court, has been reached on a majority of Plaintiff's proposals. Plaintiff's counsel's understanding is that agreement has been reached as follows:

1) that production of documents related solely to policy claims against Chicago will be conducted jointly by the parties (i.e. any such document requests from this point forward would be made jointly by Plaintiffs so that Chicago would need to respond with only one set of documents);

2) that production of witnesses whose testimony relates solely to policy issues and any Rule 404(b) witnesses will be made only once, with counsel for all parties to attend. To accommodate all of the parties, these depositions would be extended to two days, with the possibility of a further extension of time by agreement of the parties or leave of court for good cause; and

3) that Chicago will facilitate the taking of policy depositions of former employees by agreeing to produce said persons without subpoena or, if Chicago is unable to produce any former employee voluntarily, by immediately providing Plaintiffs' counsel with sufficient identifying information to allow Plaintiffs to serve any such witness with a subpoena for deposition.

The parties have not been able to reach agreement on only one point. Chicago's position, as Plaintiff understands it, is that because the three cases that are the subject of its motion to consolidate (and presumably the Orange case as well), are

3

subject to consolidation under Rule 42, all Monell discovery disputes should be before the judge in the lowest-numbered of the four cases (i.e. Judge Aspen in the Hobley case). Plaintiff's view is that the four Death Row cases are not sufficiently related to invoke Rule 42, or even Local Rule 40.4, but that Internal Operating Procedure 13 gives all of the judges and magistrate judges assigned to these cases the flexibility to coordinate Monell discovery by agreement in the most efficient manner. Regardless of which rule is invoked, however, Plaintiffs believe that this Court has the discretion not to mechanically coordinate Monell discovery in the lowest-numbered case.

Plaintiffs position, as set forth to Chicago in the attached May 3, 2004 letter, is that the most efficient way to resolve any Monell discovery dispute would be to have them brought before Judge Brown in the first instance, who is assigned to both the Hobley and Patterson cases, with objections to any rulings to be brought before Judge Gotschall, who is assigned to the Patterson case. Both Judge Brown and Judge Gotschall have decided the majority of the many Monell and related discovery motions over the past year. Further, the Hobley and Patterson cases are also the cases in which Monell discovery has proceeded the farthest, and Judge Brown and Judge Gotschall have therefore already ruled on issues that have not even arisen in the Howard and Orange cases, and can most easily harmonize any later rulings in all of the cases. In addition, while the Hobley case was filed first, Monell discovery was stayed in that case while Monell discovery has been ongoing before Judge Gotschall in Patterson from the start.

**IV. THIS COURT HAS DISCRETION TO COORDINATE MONELL DISCOVERY WITH THE OTHER ASSIGNED JUDGES WITHOUT HAVING TO ASSIGN THE MATTER TO THE LOWEST-NUMBERED CASE**

    A.    It Is Not Appropriate To Apply Rule 42
           To The Death Row Cases

"Under Rule 42(a), a court may consolidate only particular

segments of the litigation, such as pretrial proceedings." Marliere v. Woodridge, 1996 WL 464241, *1 (N.D. Ill., August 12, 1996). Although certain issues of fact may co-exist in different actions, consolidation may not be appropriate where there are not only different plaintiffs, but different defendants as well, different time periods are at issue for the claims, and the specific acts of misconduct alleged are different. Id. at *1-*2. All of these differences exist in the four Death Row cases. See also Henderson V. National Railroad Passenger Corp., 118 F.R.D. 440, 441 (N.D. Ill. 1987) (consolidation inappropriate even where common issues exist if variety of individual issues predominates); Curtis v. Das, 1990 WL 44562, *2 (N.D. Ill., April 5, 1990) (no consolidation where common issues were "not central" to the individual cases). In Marliere, the court nonetheless found that while "formal consolidation under Rule 42(a) [was] inappropriate…,…much of the discovery in the two cases overlaps. To avoid duplicative discovery, by agreement of the parties, the Court will enter an order providing that relevant discovery taken in the case of Sienko may be used as discovery in this case." Marliere, 1996 WL 464241 at *2.

Similarly, in Snitchler v. Allsteel, Inc., 1995 WL 769327 (N.D. Ill., December 28, 1995), the court declined to consolidate or reassign two cases because doing so would jeopardize the prompt resolution of the earlier filed case, but the court instructed the parties to "coordinate discovery to the extent practicable, so as to avoid any duplication." Id. at *2. See also Henderson V. National Railroad Passenger Corp., 118 F.R.D. 440, 441 (N.D. Ill. 1987)(although common issues may exist, where delay or undue prejudice would result from consolidation, separate actions should be maintained); In Re Nuveen Fund Litigation, 1994 WL 505294, *2 (N.D. Ill., September 15, 1994) ("[c]onsolidation should not be ordered when individual questions of law and fact predominate or where consolidation is likely to cause substantial delay").

5

With respect to the four Death Row cases, Plaintiff submits that the Court is faced with a situation analogous to the above-cited cases in that while common issues exist, fact-specific issues unique to each case predominate--and, as Chicago so often states, its policy liability hinges on the liability of the individual officers in each case. Further, the different filing dates and discovery postures of the four cases raises a risk of delay for the earlier filed cases (<u>Hobley</u> and <u>Patterson</u>) if there is a formal consolidation with the later filed cases (<u>Howard</u> and <u>Orange</u>). Moreover, in the <u>Hobley</u> case, Plaintiff has been fighting an ongoing battle against delay by Chicago since the filing of the lawsuit, and strongly opposes any consolidation under Rule 42 because of the opportunity it would give to Chicago to move as slowly as the slowest-moving case. Therefore, formal consolidation is not appropriate in this instance.

### B. Local Rule 40.4 Is Inapplicable To The Death Row Cases

Similarly, Plaintiff submits that the requirements of Local Rule 40.4 are not met. As an initial matter, LR 40.4(c) requires the party requesting reassignment to "indicate the extent to which the conditions required by [Local Rule 40.4(b)] will be met if the cases are found to be related." <u>Davis v. Quebecor World</u>, 2002 WL 27660, *3 (N.D. Ill., January 10, 2002). Chicago has simply failed to do so in its motion, and even a cursory review of LR 40.4(b) shows that two of those conditions are not met. Specifically, Chicago cannot show that "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier filed case substantially" or that the cases are "susceptible of disposition in a single proceeding." <u>Sunstar v. Alberto-Culver Co., Inc.</u>, 2003 WL 21801428, *2 (N.D. Ill., August 1, 2003).

Here, the <u>Orange</u> case was not filed until January 19, 2004, whereas <u>Hobley</u> was filed nearly one year ago, on May 29, 2003.

6

Plainly, those two cases are in significantly different stages of discovery and discovery in Hobley should not be delayed until Orange has progressed to the same point as Hobley. It should also be clear that no two of the subject cases are susceptible to being tried together, let alone all four. In addition to the different litigation posture of each case, each case is highly fact-dependant on the particular circumstances suffered by each plaintiff and the particular conduct of the individual defendants in each case. Accordingly, reassignment under LR 40.4 is inappropriate in this case.

        C.    Plaintiff And Chicago Appear To Agree That Monell Discovery Can Be Coordinated Under Internal Operating Procedure 13

Plaintiff agrees that, as in Marliere, it is appropriate to coordinate Monell discovery along the lines of the parties tentative agreement set forth above. Chicago allows in its motion that Monell discovery can be coordinated by agreement of the judges under Internal Operating Procedure 13(d) or 13(e). Plaintiff agrees. The only point of disagreement between the parties appears to be over Chicago's insistence that Monell discovery be coordinated in the Hobley case simply because it is the lowest-numbered case.

Plaintiff has only been able to find one reported case that even cites IOP 13, but the language of the rule appears to give judges wide discretion to coordinate discovery between cases. Plaintiff contends that this Court and the other judges assigned to the Death Row cases have latitude to coordinate Monell discovery in the manner they deem most efficient, and are not required to have those matters assigned to one judge simply because that judge presides over the earliest filed case if there are other factors that could aid in judicial economy.

As set forth above, Plaintiff believes that the most efficient way to resolve any Monell discovery disputes would be

7

to have them brought before the Magistrate Judge and the Judge who have been involved in the great majority of discovery disputes to date (of which, unfortunately, there have been many). Both Judge Brown and Judge Gotschall have been the most closely involved of all the assigned judges and magistrates in deciding Monell and related discovery issues over the past year. Further, Judge Brown is the assigned magistrate in both the Hobley and Patterson cases, both of which are also the cases in which Monell discovery has proceeded the farthest. In addition, while the Hobley case was filed first, Monell discovery was stayed in that case while Monell discovery has been ongoing before Judge Gotschall in Patterson from the start. Accordingly, Plaintiff suggests that the most efficient way to resolve any Monell discovery dispute would be to have them brought before Judge Brown in the first instance, with objections to any rulings to be brought before Judge Gotschall, who is assigned the Patterson case. Plaintiff, however, obviously defers to whatever agreement the judges involved in the four Death Row cases deem appropriate.

_____
Attorney for Plaintiff

LOEVY & LOEVY
312 N. May, Ste. 100
Chicago, IL 60607
(312) 243-5900

ANDREA D. LYON
Center for Justice in Capital Cases
DePaul College of Law
25 E. Jackson Blvd.
Chicago, Il 60604
(312) 363-8402

8

*See Case File For Exhibits*