# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3678 | **DATE** | 7/12/2004 |
| **CASE TITLE** | Hobley vs. Burge, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Because Hobley and Patterson have progressed the furthest under the direction of Magistrate Judge Brown and Judge Gottschall, the solution that appears to be most practical, and would avoid further delay, would be to allow those Judges to continue their supervision of Monell discovery. Accordingly, with the consent of Judges Gottschall, Anderson, Guzman, Brown, Levin and Schenkier, this court suggests that the Executive Committee consider issuing an order reassigning the management of Monell discovery and all related discovery disputes to Magistrate Jude Brown and Judge Gottschall. Because both Judge Gottschall and Magistrate Judge Brown are assigned to Patterson, such a reassignment would permit the continued coordination of their efforts.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 14 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 267 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 7/12/2004 date mailed notice | |
| | courtroom deputy's initials | | GL mailing deputy initials | |
| | | Date/time received in Central Clerk's Office | | |

Reserved for use by the Court)

# ORDER

Defendant City of Chicago has moved to consolidate *Monell* discovery in this case, *Hobley v. Burge, et al.*, with three other cases pending in this district: *Patterson v. Burge, et al.*, No. 03-4433 (Gottschall, J.) (Brown, M.J.), *Howard v. City of Chicago, et al.*, No. 03-8481 (Anderson, J.) (Levin, M.J.); and *Orange v. Burge, et al.*, No. 04-168 (Guzman, J.) (Schenkier, M.J.) pursuant to Federal Rule of Civil Procedure 42, Local Rule 40.4, and Internal Operating Procedure 13. In each case (collectively, "pending cases"), plaintiff has alleged, *inter alia*, that defendants tortured him into confessing, and otherwise fabricated inculpatory and withheld exculpatory evidence, resulting in his conviction. Different individual defendants have been named along with Defendant City of Chicago ("City"). The plaintiffs have alleged that the misconduct of which they complain was undertaken pursuant to policies and practices of the City.

Although the allegations of municipal liability under *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978) are similar in each of the cases, both the City and Plaintiffs Hobley and Patterson agree that the issues of law and fact relating to allegations of misconduct by the individual defendants are unique to each case. We agree that unique fact issues involving the alleged torture, prosecution, and treatment by the individual named defendants (which are not the same in each case) predominate in all four of the cases. Given these dissimilarities, different causes of action have been alleged in each case. Further, in *Patterson* and *Orange*, the Cook County State's Attorney's Office and numerous supervisory personnel have been named and accused of additional misconduct. These differences in issues of law and fact lead us to conclude that consolidation, reassignment, or disposition of the cases in a single proceeding would be improper. *See* Fed. R. Civ. P. 42; L.R. 40.4(a). Indeed, no party suggests that the <u>entire</u> case should be consolidated in any way. Rather, the City seeks some form of coordination of the discovery related to *Monell*. Patterson (who was granted leave to file a memorandum in opposition to the proposed consolidation) and Hobley do not object to the coordination of *Monell* discovery. They represent to this court that they have already agreed to jointly conduct written discovery, to submit document requests relating to *Monell* issues together, and to arrange deposition schedules so that supervisory personnel and those testifying as to policy issues will only have to be deposed once for all four cases. Patterson and Hobley, however, fear formal consolidation or reassignment could effect further delay in the discovery that has been conducted in their cases thus far. This fear is predicated on the disparate procedural postures of the pending cases.

In *Hobley*, discovery has been progressing under the guidance of Magistrate Judge Brown. Discovery related to *Monell* was stayed in September while the parties conducted discovery pertinent to claims of the individual officers. That stay was lifted in March. Discovery has also progressed under the direction of Judge Gottschall in *Patterson*. Both the City and Plaintiffs Hobley and Patterson acknowledge that discovery is furthest along in these two cases. To the extent the parties have already begun to coordinate discovery production between these two cases, we commend their efforts. Discovery in *Howard* has only just commenced. Similarly, *Orange* was filed in January 2004, and, at the time of the motion to consolidate, certain defendants had not even been served. Given the above, the City's motion to consolidate or reassign the cases for disposition of *Monell* issues in a single proceeding is denied.

We do agree, however, that coordination of discovery on overlapping *Monell* issues would prevent duplication of efforts and avoid conflicts in the resolution of discovery disputes. Because *Hobley* and *Patterson* have progressed the furthest under the direction of Magistrate Judge Brown and Judge Gottschall, the solution that appears to be most practical, and would avoid further delay, would be to allow those Judges to continue their supervision of *Monell* discovery. Accordingly, with the consent of Judges Gottschall, Anderson, Guzman, Brown, Levin and Schenkier, this court suggests that the Executive Committee consider issuing an order reassigning the management of *Monell* discovery and all related discovery disputes to Magistrate Judge Brown and Judge Gottschall. Because both Judge Gottschall and Magistrate Judge Brown are assigned to *Patterson*, such a reassignment would permit the continued coordination of their efforts.

A copy of this suggestion is hereby sent to the Executive Committee as well as to each of the Judges presiding over the pending cases.