# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3678 | **DATE** | 7/23/2004 |
| **CASE TITLE** | Hobley vs. Burge, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, Jones Day's objections to Magistrate Judge Brown's ruling on June 16, 2004 are overruled in part, and affirmed in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 7-26-04 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 279 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 7/23/2004 date mailed notice | |
| GR | courtroom deputy's initials | 2004 JUL 23 AM 11:51 Date/time received in Central Clerk's Office | GR mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MADISON HOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03 C 3678 |
| | ) | |
| CHICAGO POLICE COMMANDER | ) | |
| JON BURGE, DET. ROBERT DWYER, | ) | |
| DET. JAMES LOTITO, DET. VIRGIL | ) | |
| MIKUS, DET. DANIEL McWEENEY, | ) | |
| DET. JOHN PALADINO, SGT. PATRICK | ) | |
| GARRITY and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
JUL 2 6 2004

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Jones Day ("JD's") objections to Magistrate Judge Brown's ruling on June 16, 2004. For the reasons set forth below, we overrule in part, and affirm in part, the objections.

### BACKGROUND

JD is not a party in this action. JD previously represented the City of Chicago in proceedings to terminate former Police Commander, Jon Burge, in the early 1990's. JD continues to represent the City in other unrelated matters. In this action, *Hobley*, Hinshaw & Culbertson originally represented the City and was replaced by Dykema, Gossett, Rooks & Pitts in May, 2004. Discovery in this case commenced in August, 2003. Some of the documents requested as part of discovery included documents concerning the termination proceedings of Jon Burge. Most of these documents were in JD's possession. JD therefore turned over fifty-two boxes to Hinshaw and withheld five boxes on privilege grounds. Those fifty-two boxes were subsequently turned over to Hobley. No privilege log was submitted nor was attorney-client privilege/work product protection asserted by the City (represented

by Hinshaw) as to any of Plaintiff's discovery requests. The City was ordered to submit a privilege log by December 2, 2003 as to any documents that the City intended to withhold on the ground of privilege or work product protection. At a status hearing before Judge Brown on December 10, 2003, Hinshaw represented to the court that it was not asserting privilege as to any of the discovery requests and that it had produced all responsive documents, including those from JD.

In April, 2004, in response to Plaintiff's motion to compel, Judge Brown determined that all JD "police board documents" must be produced by the City. JD, reportedly unaware until that ruling that the documents it held were the subject of a discovery dispute, moved for reconsideration of Judge Brown's ruling. JD argued it had not disclosed the contents of the five boxes containing privileged material to any third party over the past decade nor had it waived the attorney-client privilege as to the documents. JD submitted a privilege log as to the withheld documents. At a hearing on the motion to reconsider, Judge Brown concluded that, based on Hinshaw's representation in December 2002 that the City would not be asserting any attorney-client privilege and the failure of the City to ever assert privilege prior to JD's motion, the City had waived the attorney-client privilege as to the JD documents.

Although JD provided an affidavit describing the maintenance of its documents relating to its representation of the City in the Burge proceedings, Judge Brown also determined that an evidentiary hearing was needed before she could rule on JD's assertion of work product protection. Judge Brown explained that the record remained incomplete. Therefore, she scheduled an evidentiary hearing and ordered Hinshaw and JD to proffer a representative to answer several questions about, *inter alia*, the events leading up to the creation of the privilege log, as well as JD's knowledge as to the proceedings in the *Hobley* case and JD and Hinshaw's communications regarding the proceedings in *Hobley*. When JD responded that to do so might involve disclosing privileged communications, Judge Brown ruled that JD had waived such a privilege by relying on those very same communications in its affidavit.

2

JD now objects to Judge Brown's finding of waiver and contends that it was improper for the Judge to decline to rule on its request for work product protection. JD posits that no evidentiary hearing is needed on the work product issue, given the submission of JD Attorney Ghezzi's affidavit and Ghezzi's offer to answer the court's questions at the June 16, 2004 hearing.

## ANALYSIS

### 1. Work Product Protection

Under Federal Rule of Civil Procedure 72(a), we shall consider objections to the Magistrate Judge's rulings and "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." As to Judge Brown's determination that an evidentiary hearing is needed before she may rule on the work product issue, we find no error. Although JD may have provided adequate information to support a finding that the documents it was withholding constituted work product, the Magistrate Judge was unconvinced that JD was entitled to assert a privilege. She found the record was incomplete, and thus declined to rule on whether, subsequent to her ruling on the motion to compel, JD could now come forward to assert work product protection. She determined an evidentiary hearing would assist her in resolving the disputed facts and provide additional information where she found it was lacking.

A party objecting to a discovery request on the ground of privilege must present that objection in a timely and proper manner. *See Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D. Ill. 2001). Indeed, failure to follow discovery rules may result in the waiver of the privilege. *Id.* at 335. Under Federal Rule of Civil Procedure 34(b), a party served with a document request must respond within thirty days; if the party objects to a request, the reason shall be given. Rule 26(b)(5) requires a party objecting to a request to expressly make a claim of privilege and to describe the nature of the withheld documents

3

in a privilege log. The Advisory Committee to the Rules explained, "[t]o withhold materials without [providing notice as described in Rule 26(b)(5)] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26(b)(5) advisory committee's note.

With the above in mind, we find that it was within Judge Brown's discretion to seek additional information from the City's representatives, including facts which could assist her in determining whether JD committed unjustified delay in responding to discovery or acted in bad faith. An affirmative answer as to either may support a finding of waiver. *See, e.g., Ritacca*, 203 F.R.D. at 335-36. Additionally, Judge Brown did not clearly err when she determined that JD waived its privilege as to Hinshaw-JD communications to the extent that they relate to JD's knowledge and notice as to the proceedings in this case. JD chose to put the content of its communications with Hinshaw at issue in its affidavit; it may not now assert a privilege to protect it from further elucidation of the facts it chose to provide.

2. Waiver

On the issue of waiver, we do agree with JD: we do not think it was proper for Judge Brown to issue a ruling on the waiver of attorney-client privilege based on what she found to be an express disclaimer of an assertion of privilege by Hinshaw. It is well-settled that the attorney-client privilege is for the client, not the attorney, to assert and waive. McCormick on Evidence, §§ 92-93 (2d ed. 1972). An attorney or agent acting with the client's authority may also exercise this power. *Id.*; *see also* Charles A. Wright & Kenneth W. Graham, 26A *Federal Practice & Procedure* § 5487 (1992) ("The client, may, of course, authorize the lawyer to waive the privilege on his behalf").

In this case, Judge Brown made a determination of an explicit waiver based on a representation by Hinshaw. In doing so, Judge Brown concluded that Hinshaw was acting with the City's authority.

4

However, JD has suggested that it is the entity acting on behalf of the City, and has asserted the attorney-client privilege over the documents in JD's possession. Therefore, we have two conflicting representations by entities both purporting to be acting on the City's behalf. Notably, the record before us includes no affidavits from any City representatives and no briefing by Dykema, Rooks, the City's current attorneys of record.

Given these differing assertions as to the interests of the City (and the complete silence from the City itself), we find that it is unclear what the client's position is on this matter. Yet, the position of the client, as holder of the privilege, is key to any ruling on the issue. On the record as it stands, it is not clear whether, at the time Hinshaw disclaimed the assertion of privilege, it was acting with the City's authority; whether the City was aware of Hinshaw's representation; or whether JD is acting on behalf of the City with the City's authority in now asserting the privilege. These contradictory stances and gaps in the record should have precluded Judge Brown from issuing a ruling on any waiver of the attorney-client privilege. Indeed, we believe the proper course is to conduct an evidentiary hearing on the issue.

In conducting the hearing, she may wish to inquire into the words and conduct of the City, in order to determine if the City sought to relinquish its privilege. She may also inquire into whether, even if the express disclaimer of privilege was outside the scope of the attorney's authority, the City's current assertion of privilege was timely or proper under the discovery rules. As discussed above, failure to comply with the discovery rules may also constitute a waiver. *Ritacca*, 203 F.R.D. at 335-36. Without more, we cannot affirm a ruling on the issue.

## CONCLUSION

For the reasons set forth above, we conclude that Magistrate Judge Brown's decision to hold an evidentiary hearing on JD's assertion of work product protection was not erroneous. We reverse her ruling on the issue of attorney-client privilege as premature and remand the issue of waiver of the attorney-client privilege to Judge Brown for an evidentiary hearing to address the concerns set forth in this opinion.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 7/23/04