

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MADISON HOBLEY,<br>　　Plaintiff,<br><br>v.<br><br>CHICAGO POLICE COMMANDER<br>JON BURGE, et al.,<br>　　Defendants. | Case No. 03 C 3678<br><br>Judge Marvin Aspen<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, Magistrate Judge

Defendants' Joint Motion to Bar Certain Expert Opinions and Testimony [dkt 530] was referred by the District Judge for ruling. [Dkt 532.] For the reasons set out below, that motion is granted in part and denied in part, as follows.

## BACKGROUND

In his initial Complaint, plaintiff Madison Hobley ("Hobley") alleged claims under 42 U.S.C. § 1983 and state law, including torture by police, failure of other police officers to intervene to prevent excessive force, and denial of due process. (Compl.) [Dkt 1.] On June 3, 2004, District Judge Aspen dismissed Hobley's excessive force and failure to intervene claims as time-barred, holding that the claims accrued at the time of Hobley's interrogation in 1987 and were not tolled. *Hobley v. Burge*, No. 03 C 3678, 2004 WL 1243929 at *5-6 (N.D. Ill. June 3, 2004) (Aspen, J.). On October 13, 2004, in a decision dealing with Hobley's Amended Complaint [dkt 229], Judge Aspen dismissed as time-barred both a re-pled excessive force claim and certain other claims to the extent

1

that they were premised on excessive force. *Hobley v. Burge*, No. 03 C 3678, 2004 U.S. Dist. LEXIS 20844 at *15 (N.D. Ill. Oct. 13, 2004) (Aspen, J.). With respect to Hobley's claim for municipal liability under *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978), Judge Aspen held that any *Monell* claim based on coercive interrogation, excessive force, or failure to intervene to prevent excessive force was time-barred. *Id.* at *28. Throughout that decision, Judge Aspen held that the dismissed excessive force claim could not be brought into the case through the remaining claims.

Significantly, at the conclusion of both decisions, Judge Aspen stated that, in light of the fact that the issues had been narrowed, discovery should be directed at and tailored to the material issues relevant to the remaining claims. *Hobley*, 2004 WL 1243929 at *13; *Hobley*, 2004 U.S. Dist. LEXIS 20844 at *45-46.

Defendants' present motion seeks an order barring Hobley from relying on or offering at trial any opinions or testimony from expert witnesses on *Monell* issues pertaining to the issues of excessive force, torture, or coerced confessions. (Defs.' Mot. ¶¶ 12, 18.) Those expert witnesses, Anthony Bouza and Dennis Waller, have prepared reports pursuant to Fed. R. Civ. P. 26(a)(2)(B), but their depositions have not yet been taken. Mr. Bouza's report includes seven opinions. (Defs.' Mot., Ex. A ("Bouza Report").) Defendants seek to have all of them barred. (Defs.' Reply at 8.) [Dkt 573.] Mr. Waller's report includes five opinions, each with sub-parts. (Defs.' Mot., Ex. B ("Waller Report").) Defendants seek to have all of Mr. Waller's opinions barred except paragraphs A and C1. (Defs.' Reply at 8.) Although Hobley concedes that he may not base his *Monell* claim on excessive force, he argues that the experts' opinions are admissible to support the remaining claims. (*See* Pl.'s Resp. at 1, 7-14.) [Dkt 551.] Because this motion is brought before trial, if there

2

is any basis on which the opinions might be admissible, they cannot be barred at this time.

## DISCUSSION

Hobley argues that his experts' opinions regarding excessive force are admissible because they support his due process claim that the Defendants engaged in a "widespread policy and practice of deprivation of due process involv[ing]: concealing exculpatory information; 'planting' evidence; witness manipulation; and, most importantly, fabrication of incriminating evidence, including, but not limited to, the extraction of false confessions via coercion and torture." (Am. Compl. ¶ 37.) [Dkt 229.] Hobley argues that the Defendants' practice of using excessive force against suspects was part of a policy and practice of fabricating evidence, including false confessions, to frame African-American suspects regardless of their guilt or innocence. (Pl.'s Resp. at 7.) Mr. Bouza's opinions so conclude.[1] Thus, Hobley argues, coerced confessions are a sub-category of fabricated evidence, and proof of such a practice should not be barred merely because excessive force was the means to obtain the fabricated evidence.

Hobley cites other decisions stating that a confession extracted by excessive force is

---

[1] For example, in his first opinion, Mr. Bouza states:

The materials I have reviewed establish that, from 1972 to 1991, the City of Chicago had a systemic practice of subjecting African-Americans who were interrogated by Area 2 and 3 detectives and supervisors to abusive and coercive interrogations with the intended result of coercing , fabricating or otherwise creating false and/or unreliable inculpatory evidence to be used against the interrogated suspect without regard to his actual guilt or innocence.

(Bouza Report ¶ 1.) In other opinions, Mr. Bouza refers to "abuse of African-American suspects during interrogations in order to coerce and fabricate inculpatory statements" (*id.* ¶ 2); "police abuse, and the resultant coercion and fabrication of evidence" (*id.* ¶ 3); and "abuse of African-American suspects in order to coerce and fabricate confessions" (*id.* ¶ 4).

3

fabricated evidence. (Pl.'s Resp. at 8.) In each of those cases, however, an allegedly coerced confession was extracted from the criminal defendant or another witness and used for the purpose of obtaining a criminal conviction. In contrast, Hobley never confessed to the crime for which he was convicted, although he alleges that the Defendants falsely claimed throughout his criminal trial that had confessed. (Am. Compl. ¶¶ 19, 20.) Hobley claims that he was subjected to excessive force in an effort to make him confess; however, under Judge Aspen's decisions, no claim remains in this case based on excessive force, including any claim that Hobley was subjected to a coercive interrogation. Remaining in the case is Hobley's claim that "other evidence" that resulted not from excessive force but rather from other "truly detestable police conduct," such as improperly induced false testimony of witnesses and planted evidence, was used to convict him. *Hobley*, 2004 U.S. Dist. LEXIS 20844 at *17.

Judge Aspen observed that the function of the statue of limitations is to "pull the blanket of peace" over time-barred events. *Id.* at *20 (citation and internal quotations omitted). To allow Hobley to present, under the rubric of "fabricated evidence," a *Monell* claim based on Defendants' use of excessive force against others is contrary to the decision to dismiss Hobley's claim of excessive force as time-barred, and would defeat the function of the statute of limitations. Thus, Hobley cannot base his *Monell* claim on a policy or practice of using excessive force for the purpose of extracting false confessions, and opinions regarding such a policy or practice are not relevant to any remaining issues in the case.

Hobley also argues that the experts' opinions may be admissible for other purposes, including showing racial animus, a pattern of discriminatory conduct, causation, and Defendants' credibility. (Pl.'s Resp. at 12-14.) Hobley further argues that the opinions can be used to support his remaining

4

*Monell* claims by proving that there was notice of constitutional violations to the municipal authorities who failed to act. (*Id.* at 9, 12-13.) He points to the fact that, in declining to dismiss Hobley's equal protection claim, Judge Aspen cited Hobley's allegation that "of all the 100+ examples of Area 2 police torture cases known to date, all of this torture was reserved (with only one exception) exclusively for black suspects, and all of the torturers were white." *Hobley*, 2004 U.S. Dist. LEXIS 20844 at *44. Judge Aspen also cited Hobley's allegation that he was "tortured by white police officers, who 'used racially offensive language' and threatened him." *Id.* at *45. Accordingly, the court reviews the experts' opinions to see if they are admissible for other purposes.

Bouza Report

Almost all of Mr. Bouza's opinions are based on evidence of abuse of suspects by police. He discusses the fabrication of evidence only in the context of coercion to fabricate confessions. The issue is whether any of Mr. Bouza's opinions could possibly be admitted to support a claim other than excessive force.

In light of the dismissal of Hobley's excessive force claim, Bouza Report ¶¶ 1 and 2 are stricken. Those opinions are about a practice of excessive force that is no longer an issue in this case. Likewise, Bouza Report ¶¶ 4, 5, and 6, which conclude that City officials knew about and covered up that practice, must also be stricken.

Bouza Report ¶ 3 concludes that there was "a systemic code of silence within the City of Chicago and its police department, particularly with regard to police abuse and the resultant coercion and fabrication of evidence . . . ." That opinion arguably relates to more than excessive force. The motion to strike is denied as to ¶ 3.

5

Bouza Report ¶ 7 concludes that the Defendants acted with racial animus and discriminatory intent in the treatment of African-American suspects. The evidence supporting that opinion is not limited to proof of a practice of excessive force, and includes, for example, testimony and admissions about racial epithets. In addition, consistent with Judge Aspen's opinion, part of that evidence is the fact that all of the victims who "allege abuse during interrogations" are African-American, and the majority of those accused of abuse are white. Assuming that reliable conclusions can be drawn from statistics about allegations (an assumption about which this decision expresses no opinion), such conclusions would not depend on proof that excessive force in fact occurred. Accordingly, the motion to strike is denied as to ¶ 4.

Waller Report

As discussed above, Defendants do not contend that all of Mr. Waller's opinions must be barred. Waller Report ¶ A (concluding that the manner in which the police conducted the investigation of Hobley was not consistent with professional standards) and ¶ C1 (concluding that absent a confession, there as no probable cause to arrest Hobley) are not barred by the dismissal of the excessive force claim.

Waller Report ¶ C2, to which Defendants do object, is problematic. That opinion concludes that if Hobley did confess, a confession resulting from abuse is unreliable and therefore must be excluded. Presumably, Mr. Waller means excluded for purposes of determining whether probable cause existed. A threshold problem is that Hobley has pleaded that he never confessed (Am. Compl.

¶ 19), so the premise of the opinion appears unsupported.[2] Putting that problem aside, although Waller Report ¶ C2 discusses Hobley's allegedly coercive interrogation, it is arguably not for the purpose of supporting a claim of excessive force, but rather a claim of false arrest. Hobley cites a ruling in *Robinson v. Village of Matteson*, No. 97 C 4758, 1999 WL 1270685 at *2 (N.D. Ill. Dec. 23, 1999) (Bucklo, J.), that evidence of the circumstances surrounding the plaintiff's arrest may be admissible on issues of whether the arrest was lawful and of damages from an unlawful arrest, even though the § 1983 claim based on alleged abuse has been dismissed. (Pl.'s Resp. at 6-7.) Although it is questionable whether there is a factual basis for Waller Report ¶ C2, it cannot be said that the opinion is barred by the dismissal of Hobley's excessive force claim, which is the only issue on the present motion.

The remaining opinions in Waller's Report, ¶¶ B, D, and E, conclude that there was a systematic practice of torturing African-Americans accused of serious crime to extract confessions, that there was a conspiracy to deprive African-Americans of their civil rights by that practice, and that such torture and coercion could not have existed without the tacit consent of other police officers and supervisors. Because Hobley's personal claim and his *Monell* claim based on excessive force including his allegedly coercive interrogation have been dismissed, those opinions are barred.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Bar Certain Expert Opinions and

---

[2] Hobley apparently argued in opposition to the motion to dismiss that the jury could find, in the alternative, that he did confess. *See Hobley*, 2004 U.S. Dist. LEXIS 20844 at *13-14. As Judge Aspen noted, a party may plead in the alternative only when legitimately in doubt about the fact in question, and Hobley knows whether he was coerced into confessing. *Id.* at *15 n. 3.

Testimony is granted in part and denied in part. This decision does not preclude any other argument or motion any party may make to the judge presiding at trial.

IT IS SO ORDERED.

/s/ Geraldine Soat Brown
GERALDINE SOAT BROWN
United States Magistrate Judge

May 9, 2006