# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MADISON HOBLEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03 C 3678 |
| | ) | |
| CHICAGO POLICE COMMANDER | ) | Judge Marvin Aspen |
| JON BURGE, et al., | ) | |
| Defendants. | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, Magistrate Judge

Before the court are Plaintiff's Renewed Motion to Compel the Consolidated *Monell* Deposition of Richard M. Daley [dkt 680] and the City of Chicago's Motion for Continued Protective Order Barring the Deposition of Mayor Daley. [Dkt 679.] For the following reasons, Plaintiff's motion is granted and the City's motion is denied.

## BACKGROUND

Plaintiff Madison Hobley ("Hobley") seeks to depose Richard M. Daley, now the Mayor of the City of Chicago. Mr. Daley was the Cook County State's Attorney at the time of Hobley's arrest in 1987. Mr. Daley is not a defendant in this case, but Hobley believes that he has information relating to Hobley's claim against the City of Chicago (the "City") for municipal liability under *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978).

In earlier proceedings in this case, District Judge Aspen granted in part and denied in part the

City's motion to dismiss Hobley's claims, including his *Monell* claim. *See Hobley v. Burge*, 2004 U.S. Dist. LEXIS 20844 *45 (N.D. Ill. Oct. 13, 2004) (Aspen, J.). Although some claims were dismissed, Hobley's *Monell* claim remains viable to the extent it is premised on his other claims that were not dismissed. *Id.* at *28 n. 9. The viable claims include Hobley's equal protection claim, which alleges that the individual defendants, motivated by racial animus, "framed" minority criminal suspects in a manner designed to secure improper convictions. *Id.* at *41. In denying the motion to dismiss that claim, the District Judge referred to Hobley's allegations that 69 individuals, all but one of whom is African-American, were victims of serious police misconduct, and that in all but one of the many examples of police torture, the victims were black suspects and the torturers were white. *Id*. at **41, 44.

Discovery in this case is virtually completed, except for the present motion and the disclosure of the City's expert witness responsive to Hobley's expert witness on *Monell* issues. This case had previously been consolidated for discovery with three other cases brought by plaintiffs alleging that they had been abused by Chicago police officers at Area 2: *Patterson v. Burge*, 03 C 4433, *Howard v. City of Chicago*, 03 C 8481, and *Orange v. Burge*, 04 C 168. Subsequently, the District Judges in the *Patterson* and *Orange* cases bifurcated proceedings between the plaintiff's claims of individual liability and their *Monell* claims against the City. *See Patterson* [dkt 410], *Orange* [dkt 323].[1] Whether the plaintiffs in those cases should be permitted to take Mr. Daley's deposition as

---

[1]The situation in *Howard* is less clear. The City filed a motion to bifurcate proceedings and a motion for a continued protective order barring the deposition of Mayor Daley. *See Howard*, dkt 199 and dkt 213, respectively. According to a minute order dated January 9, 2007 [dkt 282], the City's motion to bifurcate was purportedly granted by order dated November 16, 2006 [dkt 278], and the City's motion for a protective order was purportedly granted by minute order entered by this court on November 17, 2006 [dkt 274]. Those minute orders actually dealt with different motions, not the City's motions to bifurcate or for entry of a protective order.

part of discovery on their claims against the individual defendants is a question that need not be addressed at this time. Furthermore, discovery in the *Orange* and *Howard* cases has been stayed. *See Orange* [dkt 389], *Howard* [dkt 283]. The stay on discovery and litigation in this case has been lifted. [Dkt 765.]

## ANALYSIS

Undoubtedly, the purpose of deposing a public official should not be the publicity value. *See* Fed. R. Civ. P. 26(c) (authorizing protective orders to prevent "annoyance, embarrassment, oppression, or undue burden or expense"). The deposition of a high ranking public official creates unique concerns; it should not be a routine part of civil litigation. *See Olivieri v. Rodriguez*, 122 F.3d 406, 409-10 (7th Cir. 1997); *Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir. 1999). On the other hand, if the official has discoverable information, the parties may not be deprived of that information simply because of the official's status. *See Clinton v. Jones*, 520 U.S. 681, 703-05 (1997) (citing cases in which the President of the United States was required to provide testimony); *Northwestern Univ. v. City of Evanston*, 2001 WL 743756 (N.D. Ill. June 29, 2001) (Aspen, C.J.) (reversing magistrate judge's ruling precluding the plaintiff from deposing the mayor and city manager).

The scope of discovery includes "any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A party seeking the deposition of a high ranking official should first demonstrate that there

---

Thus, the status of the City's motions remains unclear.

is some reason to believe that the deposition will produce or lead to admissible evidence. *Olivieri,* 122 F.3d at 409-10. Consistent with that principle, District Judge Gottschall rejected without prejudice an earlier effort by the plaintiff in *Patterson* to depose Mr. Daley, subject to the plaintiff's making the requisite showing. (City's Resp. [dkt 712], Ex. A at 8-9.) At this point, Hobley has made that showing. The City's argument that Mr. Daley himself was not a final policymaker for purposes of *Monell* (City's Resp. at 11-13) is irrelevant. Whether or not he was a final policymaker, he may have evidence of a practice so well-established as to constitute a custom or usage with the force of law, which may give rise to liability on behalf of the City. *Baskin v. City of Des Plaines*, 138 F.3d 701, 704-05 (7th Cir. 1998).

Mr. Daley was the State's Attorney during the time when Hobley, an African-American, alleges he was subjected to constitutional violations by Chicago police, including defendant Jon Burge. The State's Attorney and his assistants prosecute criminal charges brought by Chicago police. There is evidence that in February 1982, the State's Attorney's office, and perhaps Mr. Daley personally, was put on notice of allegations of physical abuse of suspects by Chicago police through a letter to Mr. Daley from the then-Superintendent of Police Richard Brzeczek. (Pl.'s Renewed Mot., Ex. D.) Mr. Brzeczek's letter states that he is enclosing a letter from the Medical Director of Cermak (Prison) Health Services which describes injuries appearing on defendant Andrew Wilson, an African-American suspected in the murder of Chicago police officers. (*Id*., Ex. C.) Apparently, nothing was done to follow up on the issues raised by the two letters. Mr. Wilson's conviction was reversed by the Illinois Supreme Court. *People v. Wilson*, 506 N.E.2d 571 (Ill. 1987). Recently, the Special Prosecutor who investigated allegations of abuse by Chicago police officers concluded that there was enough evidence of mistreatment of Andrew Wilson by Jon Burge to establish guilt

beyond a reasonable doubt. (Pl.'s Renewed Mot., Ex. N at 16.) The Special Prosecutor's report also stated, "There are many other cases which lead us to believe or suspect that the claimants were abused, but proof beyond a reasonable doubt is absent." *Id.*

Since the release of the Special Prosecutor's report, Mr. Daley has stated that he believes Mr. Brzeczek's letter was referred at the time to the appropriate professionals within the State's Attorney's Office. (*Id.*, Ex. BB.) Testimony obtained by the Special Prosecutor from other witnesses suggests that the Brzeczek letter was received and considered by highly-placed members of the State's Attorney's staff, possibly including Mr. Daley. (*Id.*, Ex. G at 35; Ex. H at 32.)[2] Notably, after Mr. Wilson was convicted, Mr. Daley, in his position as State's Attorney, publicly honored Burge and other police officers for their work on the case. (*Id.*, Ex. P.) These facts, among other circumstances cited in Hobley's motion, support a conclusion that Mr. Daley may have information about the activities of Burge and other police officers, about who in the City and police administration knew about those activities, and about whether any action was taken on the basis of such knowledge. Such information could well lead to potentially admissible evidence regarding whether the mistreatment of the African-American suspects reflected a policy or practice by the City that denied equal protection of the laws to those suspects.

The City urges that, if the court concludes that Mr. Daley has discoverable information, Hobley be required to submit written interrogatories to him, as the court suggested in *Olivieri*, 122 F.3d at 409. However, in *Olivieri*, the written interrogatories were suggested as a way to determine

---

[2]The statement taken by the Special Prosecutor from Mr. Daley (Pl.'s Renewed Mot., Ex. F) contains little useful information. It consists almost entirely of leading questions posed by the counsel for the Special Prosecutor, often prefaced by long factual recitations. *See, e.g.,* Ex. F at 2-7, 29-32.

whether the Superintendent of Police actually had discoverable information that would justify deposing him. *Id.* Here, Hobley has already made that showing. Imposing a threshold requirement of written interrogatories (with the prospect of objections and motion practice to obtain further answers) would serve no useful purpose and would simply delay the completion of discovery in this case.

Accordingly, Hobley's motion is granted. However, the court is mindful of the many demands on Mr. Daley's time and attention, and will entertain suggestions by the parties concerning the time and location of the deposition in order to minimize the inconvenience to him. Counsel for Hobley and the City are to meet and confer on that topic, and be prepared to address it at the status hearing on February 28, 2007.

## CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion to Compel the Consolidated *Monell* Deposition of Richard M. Daley [dkt 680] is granted, and the City of Chicago's Motion for Continued Protective Order Barring the Deposition of Mayor Daley [dkt 679] is denied.

IT IS SO ORDERED.

_____
Geraldine Soat Brown
United States Magistrate Judge

February 22, 2007